JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

JOHN P. TUSTIN
JACQUELINE C. BROWN
Trial Attorneys
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:    (202) 305-3022 (Tustin)
              (202) 305-0481 (Brown)
Fax:        (202) 305-0506
john.tustin@usdoj.gov
jacqueline.c.brown@usdoj.gov

MICHAEL W. COTTER
United States Attorney

*Attorneys for Federal Defendants*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, ) | Case No. 9:15-cv-00054-DLC |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | FEDERAL DEFENDANTS' |
| ) | ANSWER |
| CHRISTOPHER SAVAGE, *et al.* ) | |
| ) | |
| Federal Defendants. ) | |
| _____ ) | |

<u>**PREFATORY NOTE**</u>

Each of Plaintiff's claims are subject to judicial review, if at all, in accordance with the judicial review provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. § 706. Under the APA, the Court's task is to review the Administrative Records that were before the federal agencies at the time they made the challenged decisions to determine whether, as a matter of law, those Records support the agencies' decisions or whether the agencies' decisions are arbitrary, capricious or otherwise contrary to law. 5 U.S.C. § 706; *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729 (1985). The Ninth Circuit repeatedly has articulated and enforced the rule that the scope of judicial review of agency action is limited to the Administrative Record. *See, e.g.*, *Lands Council v. Powell*, 395 F.3d 1019 (9th Cir. 2005); *Northcoast Envtl. Ctr. v. Glickman*, 136 F.3d 660, 665 (9th Cir. 1998) ("[J]udicial review of an agency decision not to issue an [environmental impact statement] is generally limited to review of the administrative record at the time the decision was made." (citing *Friends of the Earth v. Hintz*, 800 F.2d 822, 829 (9th Cir. 1986))).

Accordingly, judicial review of federal agency action is a unique procedure, different in both nature and scope from the procedures used to resolve civil actions within the original jurisdiction of the federal district courts. *See, e.g.*, *Olenhouse v. Commodity Credit Corp.*, 42 F.3d 1560, 1579 (10th Cir. 1994) (stating that a

"complaint" (and, hence, an "answer") was not the appropriate vehicle for initiating judicial review under the APA).  Nonetheless, as a matter of judicial efficiency, Federal Defendants Christopher Savage, in his official capacity as the Forest Supervisor for the Kootenai National Forest; Faye Krueger, in her official capacity as Regional Forester of the Northern Region; United States Forest Service; and United States Fish & Wildlife Service (collectively, "Federal Defendants"), by and through their undersigned counsel, submit the following "Answer" to the claims and allegations in Plaintiff's May 11, 2015 "Complaint for Injunctive and Declaratory Relief" ("Complaint") (ECF No. 1) challenging the East Reservoir Project (hereinafter "Project") on the Kootenai National Forest.

The numbered paragraphs of this Answer correspond to the numbered paragraphs of Plaintiff's Complaint.

## "I.  INTRODUCTION"

1.  The allegations in Paragraph 1 constitute characterizations of Plaintiff's case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations.

2.  The allegations in Paragraph 2 constitute conclusions of law and characterizations of Plaintiff's case, to which no response is required.  To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

3.     The allegations in Paragraph 3 constitute conclusions of law and characterizations of Plaintiff's case, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

4.     The allegations in Paragraph 4 constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

5.     The allegations in Paragraph 5 constitute Plaintiff's prayer for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

## "II. JURISDICTION"

6.     The allegations in Paragraph 6 constitute conclusions of law and statements regarding jurisdiction, to which no response is required.

7.     The allegations in the first sentence of Paragraph 7 constitute conclusions of law and statements regarding jurisdiction, to which no response is required. Federal Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in the second and third sentences of Paragraph 7, and on this basis deny the allegations.

8.    Federal Defendants deny the allegations in the first and second sentences of Paragraph 8.  The allegations in the third sentence of Paragraph 8 constitute characterizations of Plaintiff's prayer for relief, to which no response is required.  To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

9.    The allegations in the first sentence of paragraph 9 are vague and ambiguous and Federal Defendants deny them on that basis.  The allegations in the second sentence of Paragraph 9 constitute conclusions of law, to which no response is required.

10.   Federal Defendants admit that Plaintiff submitted comments and an objection during the administrative process.  The remaining allegations in Paragraph 10 constitute conclusions of law, to which no response is required.

### "III.  VENUE"

11.   The allegations in the first sentence of Paragraph 11 constitute conclusions of law, to which no response is required.  Federal Defendants admit the allegations in the second sentence of Paragraph 11.

### "IV.  PARTIES"

12.   Federal Defendants lack knowledge or information sufficient to form a belief about the truth or falsity of the allegations in Paragraph 12, and on this

basis deny the allegations.

13.    Federal Defendants admit the allegations in Paragraph 13.

14.    Federal Defendants admit the allegations in Paragraph 14.

15.    Federal Defendants admit the allegations in Paragraph 15.

16.    Federal Defendants admit the allegations in Paragraph 16.

## "V.  FACTUAL ALLEGATIONS"

17.    Federal Defendants admit the allegations in Paragraph 17.

18.    Federal Defendants admit the allegations in Paragraph 18.

"PROJECT AREA"

19.    Federal Defendants admit the allegations in Paragraph 19.

20.    Federal Defendants admit the allegations in Paragraph 20.

21.    Federal Defendants admit the allegations in Paragraph 21.

22.    Federal Defendants admit that the road densities in each of the five areas are as listed in Paragraph 22.  Federal Defendants deny the remaining allegations in Paragraph 22.

23.    Federal Defendants admit that commercial logging has occurred on 43,673 acres within the Project Area, with the clarification that this acreage includes Forest Service and private land.  Federal Defendants deny the remaining allegations in Paragraph 23.

24.    Federal Defendants admit that there are 1,203 acres of designated and

undesignated effective old growth within the Project Area. Federal Defendants deny the remaining allegations in Paragraph 24.

25. Federal Defendants admit the allegations in the first sentence of Paragraph 25. The allegations in the second sentence of Paragraph 25 purport to characterize the 1987 Kootenai National Forest Land and Resource Management Plan (hereinafter "Forest Plan"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

26. Federal Defendants admit the allegations in Paragraph 26.

27. Federal Defendants admit that there are 136 past treatment areas. Federal Defendants deny the remaining allegations in Paragraph 27.

28. Federal Defendants admit that Cripple Horse Creek is a Water Quality Limited Stream. Federal Defendants deny the remaining allegations in Paragraph 28.

"PROJECT & IMPACTS/ANALYSIS"

29. The allegations in Paragraph 29 purport to characterize the Record of Decision ("ROD"), which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the

Administrative Record.

30. The allegations in Paragraph 30 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

31. The allegations in Paragraph 31 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

32. The allegations in Paragraph 32 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

33. The allegations in Paragraph 33 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

34. The allegations in Paragraph 34 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

35.    The allegations in Paragraph 35 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

36.    The allegations in Paragraph 36 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

37.    The allegations in Paragraph 37 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

38.    The allegations in Paragraph 38 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

39.    The allegations in Paragraph 39 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

40. The allegations in Paragraph 40 purport to characterize the Administrative Record, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

41. Federal Defendants deny the allegations in Paragraph 41.

42. The allegations in Paragraph 42 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

43. The allegations in Paragraph 43 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

44. Federal Defendants deny the allegations in Paragraph 44 and aver that unauthorized roads are categorized as either "undetermined" or "not needed."

45. Federal Defendants admit the allegations in Paragraph 45.

46. The allegations in Paragraph 46 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

47. The allegations in Paragraph 47 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

48. The allegations in Paragraph 48 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

49. The allegations in Paragraph 49 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

50. The allegations in Paragraph 50 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

51. Federal Defendants deny the allegations in Paragraph 51.

"GRIZZLY BEAR"

52.      Federal Defendants admit the allegations in Paragraph 52.

53.      Federal Defendants admit the allegation in Paragraph 53, with the

clarification that grizzly bear may be present only with the Tobacco Bears

Outside Recovery Zone ("BORZ") portion of the Project area, not

throughout the Project area.

54.      The allegations in Paragraph 54 purport to characterize the biological

assessment, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent

with the Forest Service's final determinations in the Administrative Record.

55.      The allegations in Paragraph 55 purport to characterize the biological

assessment, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent

with the Forest Service's final determinations in the Administrative Record.

56.      Federal Defendants admit the allegations in Paragraph 56.

57.      The allegations in Paragraph 57 purport to characterize the ROD, which

speaks for itself and is the best evidence of its contents.  Federal Defendants

deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

58.      The allegations in Paragraph 58 purport to characterize the ROD, which

speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

59. The allegations in Paragraph 59 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

60. The allegations in Paragraph 60 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

61. The allegations in Paragraph 61 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

62. The allegations in Paragraph 62 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

63. Federal Defendants deny the allegations in Paragraph 63.

64. Federal Defendants deny the allegations in Paragraph 64.

65. Federal Defendants deny the allegations in Paragraph 65.

66. Federal Defendants deny the allegations in Paragraph 66.

67. Federal Defendants deny the allegation in Paragraph 67.

68. Federal Defendants deny the allegations in Paragraph 68.

69. Federal Defendants deny the allegations in Paragraph 69.

70. Federal Defendants deny the allegations in Paragraph 70.

71. Federal Defendants deny the allegations in Paragraph 71.

"LYNX"

72. Federal Defendants admit the allegations in Paragraph 72.

73. Federal Defendants admit the allegations in Paragraph 73.

74. Federal Defendants admit the allegations in Paragraph 74.

75. The allegations in Paragraph 75 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

76. The allegations in Paragraph 76 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

77. Federal Defendants admit the allegations in Paragraph 77.

78. Federal Defendants deny the allegations in Paragraph 78, and aver that approximately 30,463 acres of lynx habitat is contained within the approximately 55,798 acre Cripple Lynx Analysis Unit polygon.

79. The allegations in Paragraph 79 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

80. The allegations in Paragraph 80 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

81. The allegations in Paragraph 81 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

82. The allegations in Paragraph 82 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

83.    The allegations in Paragraph 83 purport to characterize the ROD, which

speaks for itself and is the best evidence of its contents.  Federal Defendants

deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

"WILDLIFE SECURITY & MOTORIZED TRAILS"

84.    Federal Defendants admit the allegations in Paragraph 84, with the

clarification that elk and grizzly bear were management indicator species

under the Forest Plan and the additional clarification that grizzly bear may

be present only with the Tobacco Bears Outside Recovery Zone portion of

the Project area, not throughout the Project area.

85.    Federal Defendants deny the allegations in Paragraph 85.

86.    The allegations in Paragraph 86 purport to characterize the environmental

impact statement ("EIS"), which speaks for itself and is the best evidence of

its contents.  Federal Defendants deny the allegations to the extent they are

inconsistent with the Forest Service's final determinations in the

Administrative Record.

87.    The allegations in Paragraph 87 purport to characterize the EIS, which

speaks for itself and is the best evidence of its contents.  Federal Defendants

deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

88.     The allegations in Paragraph 88 purport to characterize the EIS, which

        speaks for itself and is the best evidence of its contents.  Federal Defendants

        deny the allegations to the extent they are inconsistent with the Forest

        Service's final determinations in the Administrative Record.

89.     The allegations in Paragraph 89 purport to characterize the Environmental

        Assessments for ten projects, which speak for themselves and are the best

        evidence of their contents.  Federal Defendants deny the allegations to the

        extent they are inconsistent with the Forest Service's final determinations in

        the Administrative Records for the projects.

90.     Federal Defendants deny the allegations in Paragraph 90.

"AQUATIC SPECIES"

91.     Federal Defendants admit the allegations in Paragraph 91.

92.     Federal Defendants admit the allegations in Paragraph 92.

93.     Federal Defendants admit the allegations in Paragraph 93, and aver that bull

        trout do not use streams within the Project Area for spawning and rearing.

94.     Federal Defendants deny the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 purport to characterize Montana Department

        of Fish, Wildlife, and Parks' "MFISH Data," which speaks for itself and is

        the best evidence of its contents.  Federal Defendants deny the allegations to

        the extent they are inconsistent with Forest Service's final determinations in

the Administrative Record.

96.     The allegations in Paragraph 96 purport to characterize an unidentified analysis document, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

97.     Federal Defendants admit the allegations in Paragraph 97.

98.     Federal Defendants admit the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

100.    Federal Defendants admit that roadwork has the potential to route some sediment into streams, but deny the remaining allegations in Paragraph 100.

101.    The allegations in Paragraph 101 purport to characterize the critical habitat rule for bull trout, which speaks for itself and is the best evidence of its contents.  Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

102.    Federal Defendants deny the allegations in Paragraph 102.

103. Federal Defendants deny the allegations in Paragraph 103.

104. The allegations in paragraph 104 are vague and ambiguous and Federal Defendants deny them on that basis.

105. Federal Defendants deny the allegations in Paragraph 105.

106. Federal Defendants admit the allegations in Paragraph 106, and aver that no bull trout populations are affected by the Project.

107. The allegations in Paragraph 107 purport to characterize the ROD, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

108. The allegations in paragraph 108 are vague and ambiguous and Federal Defendants deny them on that basis.

109. The allegations in Paragraph 109 purport to characterize an unidentified quotation, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

110. The allegations in Paragraph 110 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

111. The allegations in Paragraph 111 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

112. The allegations in Paragraph 112 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

113. The allegations in Paragraph 113 purport to characterize the biological assessment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

"SITE SPECIFIC FOREST PLAN AMENDMENTS"

114. Federal Defendants deny the allegations in Paragraph 114.

115. The allegations in Paragraph 115 purport to characterize the Project-specific amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

116. The allegations in Paragraph 116 purport to characterize the Project-specific amendment, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

117. The allegations in Paragraph 117 purport to characterize the Project-specific amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

118. The allegations in Paragraph 118 purport to characterize the Project-specific amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

119. Federal Defendants deny the allegations in Paragraph 119.

120. The allegations in Paragraph 120 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

121. The allegations in Paragraph 121 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

## "VII. CLAIMS FOR RELIEF"

## "FIRST CLAIM FOR RELIEF"

The allegations in the unnumbered paragraph between Paragraphs 121 and 122 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

122. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

123. The allegations in Paragraph 123 purport to characterize the Forest Plan Amendment for Motorized Access Management, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

124. The allegations in Paragraph 124 purport to characterize the standard for Bears Outside Recovery Zone polygons, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

125. Federal Defendants deny the allegations in Paragraph 125.

126. The allegations in Paragraph 126 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants

deny the allegations to the extent they are inconsistent with the Forest
Service's final determinations in the Administrative Record.

127. The allegations in Paragraph 127 constitute conclusions of law, to which no
response is required, and purport to characterize the biological assessment
and biological opinion, which speak for themselves and are the best
evidence of their contents. To the extent a response is required, Federal
Defendants deny any violation of law and deny the allegations to the extent
they are inconsistent with the Forest Service's final determinations in the
Administrative Record.

128. The allegations in the first and third sentences of Paragraph 128 constitute
conclusions of law, to which no response is required. To the extent a
response is required, Federal Defendants deny the allegations and deny any
violation of law. Federal Defendants deny the allegations in the second
sentence of Paragraph 128.

129. The allegations in Paragraph 129 constitute conclusions of law, to which no
response is required. To the extent a response is required, Federal
Defendants deny the allegations and deny they violated NEPA, NFMA, the
ESA, or the APA.

## "SECOND CLAIM FOR RELIEF"

The allegations in the unnumbered paragraph between Paragraphs 129 and

130 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

130. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

131. The allegations in Paragraph 131 purport to characterize the Lynx Amendment, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

132. The allegations in Paragraph 132 purport to characterize Lynx Amendment Standard ALL S1, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

133. The allegations in Paragraph 133 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

134. The allegations in Paragraph 134 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

135.    The allegations in the first sentence of Paragraph 135 purport to characterize

the ROD, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent

with the Forest Service's final determinations in the Administrative Record.

The allegations in the second sentence of Paragraph 135 constitute

conclusions of law, to which no response is required.  To the extent a

response is required, Federal Defendants deny the allegations and deny any

violation of law.

136.    The allegations in Paragraph 136 constitute conclusions of law, to which no

response is required, and purport to characterize Lynx Amendment and the

2007 Biological Opinion, which speak for themselves and are the best

evidence of their contents.  Federal Defendants deny any violation of law

and deny the allegations to the extent they are inconsistent with the Forest

Service's final determinations in the Administrative Record.

137.    The allegations in the first sentence of Paragraph 137 purport to characterize

the EIS, which speaks for itself and is the best evidence of its contents.

Federal Defendants deny the allegations to the extent they are inconsistent

with the Forest Service's final determinations in the Administrative Record.

Federal Defendants deny the allegations in the second, third, and fourth

sentences of Paragraph 137.  The allegations in the fifth sentence of

Paragraph 137 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

138.    The allegations in the first and third sentences of Paragraph 138 constitute conclusions of law and Plaintiff's prayers for relief, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law. The allegations in the second sentence of Paragraph 138 purport to characterize the 2007 Biological Opinion, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

139.    The allegations in Paragraph 139 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny they violated NEPA, NFMA, the ESA, or the APA.

## "THIRD CLAIM FOR RELIEF"

The allegations in the unnumbered paragraph between Paragraphs 139 and 140 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

140.    Federal Defendants incorporate by reference their responses to all preceding

Paragraphs.

141. Federal Defendants admit the allegations in Paragraph 141.

142. Federal Defendants deny the allegations in Paragraph 142.

143. The allegations in Paragraph 143 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

144. The allegations in Paragraph 144 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny any violation of law.

145. The allegations in Paragraph 145 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny they violated the ESA or the APA.

**"FOURTH CLAIM FOR RELIEF"**

The allegations in the unnumbered paragraph between Paragraphs 145 and 146 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

146. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

147. The allegations in Paragraph 147 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal

Defendants deny the allegations.

148. Federal Defendants deny the allegations in Paragraph 148.

149. The allegations in Paragraph 149 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

150. The allegations in Paragraph 150 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny they violated NEPA, NFMA, or the APA.

## "FIFTH CLAIM FOR RELIEF"

The allegations in the unnumbered paragraph between Paragraphs 150 and 151 constitute legal conclusions, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations.

151. Federal Defendants incorporate by reference their responses to all preceding Paragraphs.

152. The allegations in Paragraph 152 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

153. The allegations in Paragraph 153 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

154. The allegations in Paragraph 154 purport to characterize the EIS, which speaks for itself and is the best evidence of its contents. Federal Defendants deny the allegations to the extent they are inconsistent with the Forest Service's final determinations in the Administrative Record.

155. The allegations in Paragraph 155 constitute conclusions of law, to which no response is required. To the extent a response is required, Federal Defendants deny the allegations and deny they violated NEPA, NFMA, or the APA.

## "VIII. RELIEF REQUESTED"

The remaining allegations set forth in the Complaint consist of Plaintiff's prayers for relief, to which no response is required. To the extent a response is required, Federal Defendants deny that Plaintiff is entitled to the relief requested or any other relief.

## GENERAL DENIAL

Federal Defendants deny any and all allegations in Plaintiff's Complaint, whether express or implied, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

In addition, Federal Defendants raise the following affirmative defenses:

1. Some or all of Plaintiff's causes of action fail to state a claim upon which relief can be granted.

2. Some or all of Plaintiff's claims are barred by laches, estoppel, waiver, and failure to exhaust administrative remedies.

3. Plaintiff has failed to establish this Court's jurisdiction for some or all of their claims.

4. Plaintiff has failed to establish a waiver of sovereign immunity for some or all of their claims.

WHEREFORE, Federal Defendants request that this Court dismiss Plaintiff's Complaint, enter judgment for Federal Defendants, and award Federal Defendants court costs and any such further relief that this Court deems just and appropriate.

Respectfully submitted on this 27th day of July, 2015.

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

/s/   John P. Tustin
JOHN P. TUSTIN
JACQUELINE C. BROWN
Trial Attorneys
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044-7611
Phone:      (202) 305-3022 (Tustin)
                 (202) 305-0481 (Brown)
Fax:           (202) 305-0506
john.tustin@usdoj.gov
jacqueline.c.brown@usdoj.gov

MICHAEL W. COTTER
United States Attorney

*Attorneys for Federal Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on July 27, 2015, I electronically transmitted the

attached document to the Clerk's Office using the CM/ECF System for filing and

transmittal of a Notice of Electronic Filing to the following CM/ECF registrants

Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, PC
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

*Attorneys for Plaintiff*

*/s/   John P. Tustin*
JOHN P. TUSTIN
Attorney for Federal Defendants