
FILED
OCT 13 2015
Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES, <br><br> Plaintiff, <br><br> vs. <br><br> CHRISTOPHER SAVAGE, Kootenai National Forest Supervisor, FAYE KRUEGER, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICES, an agency of the U.S. Department of Agriculture, and UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior, <br><br> Defendants. | CV 15–54–M–DLC <br><br> ORDER |

Before the Court is a motion to intervene in this matter on behalf of the government defendants, filed by Kootenai Forest Stakeholders Coalition ("Stakeholders") and Lincoln County. The federal defendants do not oppose the intervention, though they propose four conditions governing Stakeholders' and Lincoln County's participation. Stakeholders and Lincoln County consent to the conditions, should they be permitted to intervene. Plaintiff Alliance for the Wild

-1-

Rockies opposes the motion to intervene.

Notwithstanding a federal statute granting a party the right to intervene in a civil case, the Court "must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). When reviewing a motion to intervene of right, the Court should "follow practical and equitable considerations and construe [Rule 24(a)(2)] broadly in favor of proposed intervenors." *Wilderness Socy. v. U.S. Forest Serv.*, 630 F.3d 1173, 1179 (9th Cir. 2011) (citations and internal quotation marks omitted). Doing so increases access to the federal court system and serves judicial economy. *Id.*

Courts in the Ninth Circuit evaluate motions to intervene as of right based on the following four factors: "(1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action." *Id.* at 1177 (citations omitted). A

putative intervenor generally meets the interest requirement in Rule 24(a)(2) if their interest "is protectable under some law, and . . . there is a relationship between the legally protected interest and the claims at issue." *Id.* at 1180 (quoting *Sierra Club v. U.S. Envtl. Protec. Agency*, 995 F.2d 1478, 1484 (9th Cir. 1993)). A putative intervenor's ability to protect that interest is impaired or impeded "if it will suffer a practical impairment of its interests as a result of the pending litigation." *Id.* (quoting *California ex rel. Lockyer v. U.S.*, 450 F.3d 436, 441 (9th Cir. 2006)). The Ninth Circuit construes the above factors liberally. *S.W. Ctr. for Biological Diversity v. Berg*, 268 F.3d 810, 818 (9th Cir. 2001).

The Court finds that, given the extensive public process and input characterizing the project at issue in this case, it is appropriate to provide Stakeholders and Lincoln County a continued seat at the table. That said, the Court finds that the agreed-to terms of intervention will serve judicial economy and the efficient processing of this case, and so will adopt them here. Furthermore, the Court advises Stakeholders and Lincoln County that, while they may participate in settlement negotiations with the parties should such negotiations take place, their status as intervenors does not carry with it the right to prevent any settlement of Plaintiff's claims from occurring. *See United States v. Carpenter*, 526 F.3d 1237, 1240-1241 (9th Cir. 2008) (recognizing "that

intervenors' consent is not required for approval of [a] settlement between the parties"); *Local Number 93, Int'l Ass'n of Firefighters, AFL-CIO C.L.C. v. City of Cleveland*, 478 U.S. 501, 528-529 (1986) ("It has never been supposed that . . . an intervenor . . . could preclude other parties from settling their own disputes and thereby withdrawing from litigation. Thus, while an intervenor is entitled to present evidence and have its objections heard at the hearings on whether to approve a consent decree, it does not have power to block the decree merely by withholding its consent.") (citations omitted).

Accordingly, IT IS ORDERED that Stakeholders' and Lincoln County's motion to intervene as of right (Doc. 8) is GRANTED, subject to the following conditions:

1. Stakeholders and Lincoln County agree to abide by the terms and timeline set forth in the Court's June 30, 2015 case management order. Stakeholders and Lincoln County will file their cross-motion for summary judgment and response to Plaintiff's motion for summary judgment after the federal defendants' brief, and on or before November 26, 2015. Stakeholders and Lincoln County will file their reply in support of their cross-motion for summary judgment after the federal defendants' brief, and on or before January 21, 2016.

2. Stakeholders and Lincoln County agree not to file any independent claims in this action against the parties.

3. Stakeholders and Lincoln County agree not to seek discovery.

4. Each party agrees to bear its own costs and fees related to Stakeholders' and Lincoln County's participation in this matter.

DATED this 13th day of October, 2015.

*Dana L. Christensen*
Dana L. Christensen, Chief Judge
United States District Court