No. 16-35589

---

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

ALLIANCE FOR THE WILD ROCKIES, Plaintiff-Appellant

v.

CHRISTOPHER SAVAGE, et al., Defendants-Appellees, and

LINCOLN COUNTY, et al., Intervenors-Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

---

MOTION FOR ATTORNEY FEES & OTHER EXPENSES UNDER THE
ENDANGERED SPECIES ACT & EQUAL ACCESS TO JUSTICE ACT

---

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

# TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  iii

I.  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.  ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.  Alliance qualifies for an award of attorneys' fees under the ESA. . . . . . . 2

    B.  Alternatively or in addition, Alliance is entitled to an award of attorneys' fees under EAJA. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

        1.  Alliance is a prevailing party regarding both claims on appeal - its ESA claim and its NFMA claim. . . . . . . . . . . . . . . . . . . . . . . 5

        2.  The government's position was not substantially justified. . . . . . . . 8

    C.  Alliance's requested rates are reasonable. . . . . . . . . . . . . . . . . . . . . . . 9

    D.  Alliance's requested hours are reasonable. . . . . . . . . . . . . . . . . . . . . 17

    E.  Others costs and expenses should be awarded. . . . . . . . . . . . . . . . . . . 19

III.  CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

i

# TABLE OF AUTHORITIES

## CASES

*All. for the Wild Rockies v. USFS,* 899 F.3d 970 (9th Cir. 2018) . . . . . . . . . . . . . 8

*Alliance for Wild Rockies v. Krueger,* 2014 WL 46498 (D. Mont. 2014) . . . passim

*Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res.,*
 532 U.S. 598 (2001). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*City of Burlington v. Dague,* 505 U.S. 557 (1992) . . . . . . . . . . . . . . . . . . . . . . . . 10

*City of Riverside v. Rivera,* 477 U.S. 561 (1985) . . . . . . . . . . . . . . . . . . . . . . 10, 18

*Gates v. Deukmejian,* 987 F.2d 1392 (9th Cir. 1992) . . . . . . . . . . . . . . . . . . . . . . 18

*Goos v. National Ass'n of Realtors,* 68 F.3d 1380 (D.C. Cir. 1995) . . . . . . . . . . 18

*Grove v. Wells Fargo Financial,* 606 F.3d 577 (9th Cir. 2010) . . . . . . . . . . . . . . 20

*Hensley v. Eckerhart,* 461 U.S. 424 (1983) . . . . . . . . . . . . . . . . . . . . . . . . 9, 18, 19

*Higher Taste, Inc. v. City of Tacoma,* 717 F.3d 712 (9th Cir. 2013). . . . . . . . 3, 4, 5

*Love v. Reilly,* 924 F.2d 1492 (9th Cir. 1991). . . . . . . . . . . . . . . . . . . . . . . . passim

*Meinhold v. U.S. Dep't of Defense,* 123 F.3d 1275 (9th Cir. 1997) . . . . . . . . . . . 5

*Mendenhall v. Nat'l Transp. Safety Bd.,* 92 F.3d 871 (9th Cir. 1996). . . . . . . . . . 9

*Moreno v. City of Sacramento,* 534 F.3d 1106 (9th Cir. 2008). . . . . . . . . . . . . . 17

*Natural Resources Defense Council v. Babbitt,*
 1994 WL 361811 (N.D. Cal. 1994) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

*Natural Resources Defense Council v. EPA,* 703 F.2d 700 (3rd Cir. 1983) . . . . 5, 8

*Oregon Natural Resources Council Fund v. Goodman,*
2008 WL 4000442 (D. Or. 2008) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 20

*Perkins v. Mobile Housing Board,* 847 F.2d 735 (11th Cir. 1988) . . . . . . . . . . . 17

*Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency,*
2017 WL 3096105 (9th Cir. 2017) . . . . . . . . . . . . . . . . . . . . . . . . . . . 11, 12, 13

*Ruckelshaus v. Sierra Club,* 463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . 2, 3, 4

*S. Yuba River Citizens League v NMFS,* 2012 WL 1038131 (E.D. Cal 2012). . . . 10

*Sorenson v. Mink,* 239 F.3d 1140 (9th Cir. 2001). . . . . . . . . . . . . . . . . . . . . . . . 13

*Thomas v. Peterson,* 841 F.2d 332 (9th Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . 5

*Vogel v. Harbor Plaza Ctr., LLC,* 893 F.3d 1152 (9th Cir. 2018). . . . . . . . . . . . 6

*Watson v. Cty. of Riverside,* 300 F.3d 1092 (9th Cir. 2002) . . . . . . . . . 3, 4, 5, 7, 18

*Wood v. Burwell,* 837 F.3d 969 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

*Woods v. Graphics Communications,* 925 F.2d 1195 (9th Cir. 1991) . . . . . . . . . 18

STATUTES

16 U.S.C. § 1540 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1, 2, 4, 20

28 U.S.C. § 2412 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . passim

iii

# I.  INTRODUCTION

Appellant Alliance for the Wild Rockies (Alliance) respectfully files this motion for attorneys' fees and other expenses under the Endangered Species Act (ESA) and/or Equal Access to Justice Act (EAJA) fee provision.  28 U.S.C. § 2412(d); 16 U.S.C. § 1540(g)(4).  Appellees have been contacted regarding this motion and have not yet expressed their position on the motion.  Concurrent with the filing of this motion, Alliance also files a motion to transfer consideration of attorney fees to the district court, as permitted pursuant to Ninth Circuit Rule 39-1.8.

This Court entered judgment on July 26, 2018.  The deadline to file a petition for rehearing expired on September 10, 2018.  FRAP 40 (a)(1)(B) (45 days to file a petition for rehearing in a civil case if one of the parties is a federal agency).  This attorney fee request is timely filed within 14 days of the expiration of the deadline for a petition for rehearing, as required by FRAP 39-1.6(a).

As discussed below, Alliance's request for attorneys' fees under the ESA and EAJA is reasonable because an award is appropriate under the ESA, and/or Appellants are eligible and prevailing parties under EAJA, Defendants' position was not substantially justified, and no special circumstances make an award unjust. Under either statute, the requested rates are reasonable and the requested hours are reasonable.

1

## II.  ARGUMENT

Alliance moves for costs including attorney fees pursuant to the ESA, which authorizes an award of a plaintiff's litigation costs, including attorneys' fees, if the court determines such an award is "appropriate."  16 U.S.C. § 1540(g)(4). Alternatively, or in addition, Alliance moves for fees and other expenses under EAJA, which authorizes an award of attorneys' fees and other expenses for a "prevailing party."  28 U.S.C. § 2412 (d)(1).

### A.  Alliance qualifies for an award of attorneys' fees under the ESA.

The ESA authorizes the "award [of] costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate."  16 U.S.C. § 1540(g)(4).  The term "whenever . . . appropriate" requires "some degree of success on the merits,"  though it is a lesser standard than "prevailing party."  *Ruckelshaus v. Sierra Club,* 463 U.S. 680, 694 (1983) (addressing the same term in a different statute).  As the Supreme Court explained in *Ruckelshaus*: "By using the term "appropriate" instead of "prevailing party," the language "was meant to *expand* the class of parties eligible for fee awards . . . ."  *Id.* at 688 (emphasis added).

In this case, as discussed below, Alliance qualifies as a "prevailing party" with respect to its ESA claim.  Therefore, because the ESA's "whenever appropriate" standard is a *lesser* standard than the "prevailing party" standard,

2

attorney fees are appropriate in this case.  *Ruckelshaus,* 463 U.S. at 688.  This

Court holds that "when a plaintiff wins a preliminary injunction and the case is

rendered moot before final judgment, either by the passage of time or other

circumstances beyond the parties' control, the plaintiff is a prevailing party eligible

for a fee award. . . .  In those cases, although the plaintiff never secured a final

judgment granting permanent injunctive relief, the preliminary injunction ended up

affording all the relief that proved necessary." *Higher Taste, Inc. v. City of*

*Tacoma*, 717 F.3d 712, 715–19 (9th Cir. 2013).  Likewise, in *Watson v. Riverside*,

this Court found that a plaintiff that received a preliminary injunction, and

subsequently lost on all claims except one claim that was rendered moot, was still a

prevailing party entitled to attorney fees.  *Watson v. Cty. of Riverside*, 300 F.3d

1092, 1094-96 (9th Cir. 2002).

    In this case, this Court issued a preliminary injunction pending appeal on

September 13, 2016, based upon Alliance's ESA claim.  Docket Entry No. 17.

Subsequently, Appellees filed a motion to modify the injunction, in part to allow

timber harvest, and on November 28, 2016 this Court denied the request to allow

timber harvest to occur.  Docket Entry No. 30.   After oral argument, Appellees

moved to dismiss Alliance's ESA claim as moot because the Appellees had

completed ESA consultation.  Docket Entry No. 91.  Alliance did not oppose this

motion to dismiss the ESA claim as moot, but it added a request that the district

3

court's opinion on this claim be vacated.  Docket Entry No. 92.  In its July 26, 2018

Opinion, this Court found that the ESA claim was moot and vacated the district

court's opinion regarding this claim, as well as vacating the preliminary injunction

pending appeal issued for this claim.  Docket Entry No. 99-1. Thus, Alliance

obtained preliminary injunctive relief for its ESA claim in this case; and that

preliminary injunctive relief remained in place until the Court found the ESA claim

to be moot.  Therefore, as in *Higher Taste*, in this case "plaintiff [won] a

preliminary injunction and the [claim] [was] rendered moot before final judgment . .

. ."  717 F.3d at 715-19.   Accordingly, Alliance is a prevailing party on its ESA

claim.  *See id.*; *see also Watson*, 300 F.3d at 1094-96.

Because the "whenever appropriate" standard for fees under the ESA is a

*lesser* standard than the "prevailing party" standard, *Ruckelshaus,* 463 U.S. at 688,

by satisfying the "prevailing party" standard in this case, Alliance also satisfies the

ESA's "whenever appropriate" standard and fees should be awarded in this case.

16 U.S.C. § 1540(g)(4).

**B.  Alternatively or in addition, Alliance is entitled to an award of attorneys'
fees under EAJA.**

EAJA provides that a court shall award attorneys' fees to an eligible

"prevailing party" in a civil action brought against the United States "unless the

court finds that the position of the United States was substantially justified or that

special circumstances make the award unjust."   28 U.S.C.§ 2412(d)(1).  Eligible

parties under EAJA include 501(c)(3) tax exempt organizations, such as Alliance,

with fewer than 500 employees at the time the action was filed.  28 U.S.C. § 2412

(d)(2)(B).  Declaration of Michael Garrity ¶2 (September 20, 2018).  "Once a

party's eligibility has been proven, an award of fees under EAJA is *mandatory*

unless the government's position is substantially justified or special circumstances

exist that make an award unjust."  *Love v. Reilly*, 924 F.2d 1492, 1495 (9th Cir.

1991)(emphasis added).

 "EAJA creates a presumption that fees will be awarded unless the

government's position was substantially justified."  *Thomas v. Peterson*, 841 F.2d

332, 335 (9th Cir. 1988).  "For its action to be substantially justified, the

government must make a 'strong showing' that its position was substantially

justified." *Natural Resources Defense Council v. EPA*, 703 F.2d 700, 712 (3rd Cir.

1983))(citation omitted).  "If the government's position violates the Constitution, a

statute, or its own regulations, a finding that the government was substantially

justified would be an abuse of discretion."  *Meinhold v. U.S. Dep't of Defense*, 123

F.3d 1275, 1278 (9th Cir. 1997).

### 1.  Alliance is a prevailing party regarding both claims on appeal - its ESA claim and its NFMA claim.

 As discussed above, Alliance is the prevailing party on its ESA claim. *Higher*

*Taste*, 717 F.3d at 715–19; *Watson*, 300 F.3d at 1094-96.  Additionally, with regard

(10 of 94)

Case: 16-35588, 09/21/2018, ID: 11020718, DktEntry: 101-1, Page 10 of 26
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 10 of 94

to its NFMA claim, Alliance is also the prevailing party because this Court ruled in favor of Alliance on this claim and reversed the district court, thereby issuing an enforceable judgment on the merits.  The Supreme Court holds that "enforceable judgments on the merits . . . create the 'material alteration of the legal relationship of the parties' necessary to permit an award of attorney's fees." *Buckhannon Bd. & Care Home, Inc. v. W. Virginia Dep't of Health & Human Res*., 532 U.S. 598, 604 (2001).  As this Court has held:  "Plaintiff is indisputably a 'prevailing party,' because he has secured an 'enforceable judgment[ ] on the merits.'" *Vogel v. Harbor Plaza Ctr., LLC*, 893 F.3d 1152, 1158 (9th Cir. 2018)(*quoting Buckhannon*, 532 U.S. at 603–04).

Moreover, the fact that this Court reversed and remanded for further proceedings consistent with its Opinion, but did not itself explicitly vacate the underlying agency decision, does not strip away Alliance's prevailing party status:

> The Wood plaintiffs present the classic hallmarks of a prevailing party. They alleged that the government acted improperly in not following prescribed administrative review; the district court agreed and ordered the agency to conform its behavior to the law; and the Secretary complied. Nevertheless, the government points to two factors that it contends alter the prevailing party analysis: (1) the Wood plaintiffs obtained procedural relief, but not the substantive relief they sought; and (2) the district court remanded to the agency without vacatur, while retaining jurisdiction. We disagree with the government's claim that this "procedural posture made all the difference." Because the posture of this case did not fundamentally affect the prevailing party inquiry set out in *Buckhannon*, we conclude that the district court erred as a matter of law in holding that the Wood plaintiffs were not a prevailing party.

*Wood v. Burwell*, 837 F.3d 969, 973–74 (9th Cir. 2016).

In *Wood*, this Court focused on the fact that the plaintiffs "left the courthouse with an order that the Secretary violated the APA and had to undertake a 'do over' of her administrative review—a victory that can hardly be described as leaving 'emptyhanded.'" *Id.* at 974–75.  This Court succinctly stated that the *Wood* plaintiffs obtained "a judicially-sanctioned material alteration in the parties' relationship because 'the defendants were required to do something directly benefitting the plaintiff[ ] that they otherwise would not have had to do.' " *Id*. at 974 (alteration in original)(citation omitted).

In this case, as in *Wood*, Alliance "alleged that the government acted improperly in not following [the law]; [this Court] agreed and ordered the agency to conform its behavior to the law; and the [agency must comply if it wishes to move forward with the challenged action.]" *Id*.  at 973-974.  Thus, Alliance obtained "a judicially-sanctioned material alteration in the parties' relationship because 'the defendants were required to do something directly benefitting the plaintiff[ ] that they otherwise would not have had to do.' " *Id*. at 974.

The parties in this case never briefed the issue of vacatur of the agency's underlying decision before this Court, which logically explains why the Opinion does not make a ruling on vacatur one way or the other.  Instead, on remand, the

7

district court has filed a scheduling order for briefing on a motion to vacate the underlying project decision, and the parties therefore will fully present their legal arguments for and against that requested remedy in front of the district court in the first instance this Fall.  *See e.g. All. for the Wild Rockies v. USFS*, 899 F.3d 970, 987 (9th Cir. 2018)(citation omitted) (holding that "[i]f the Forest Plan's standard . . . is not being met, then the timber sales that depend upon it to comply with the Forest Act are not in accordance with law and must be set aside" and vacating underlying Forest Service decision[1]).

Under *Wood*, however, regardless of whether the district court ultimately vacates the underlying decision in this case, Alliance has obtained prevailing party status because the Court's Opinion requires the Forest Service "to do something directly benefitting the [Alliance] that they otherwise would not have had to do." 837 F.3d at 974.

### 2.  The government's position was not substantially justified.

In this case, the government has not met its burden to make a "strong showing" that all of its conduct was substantially justified.  *EPA*, 703 F.2d at 712. To the contrary, in this case, the Forest Service failed to demonstrate compliance with the plain, unambiguous language of its own Forest Plan - although the Forest

---

[1]In that case, the parties expressly briefed the issue of vacatur before this Court and therefore this Court addressed it directly in its Opinion.  *See* 9th Cir. No. 16-35829, Dkt Entry 36 at pages 24-30.

Plan explicitly forbids an increase in roads above the 2009 Tobacco BORZ baseline,
the agency never bothered to calculate or disclose the number of roads in the
Tobacco BORZ for the existing condition or the post-Project condition.  An agency
decision that violates its own regulations, or in this case - its own Forest Plan - is
not substantially justified.  *See e.g. Mendenhall v. Nat'l Transp. Safety Bd.*, 92 F.3d
871, 874 (9th Cir. 1996)("A finding that an agency's position was substantially
justified when the agency's position was based on violations of the Constitution,
federal statute or the agency's own regulations, constitutes an abuse of discretion.")

The agency also bears the burden of proving any special circumstances that
would make an award unjust.   *Love,* 924 F.2d at 1495.  Here, Alliance is unaware
of any special circumstances that would make an award unjust.

## C.  Alliance's requested rates are reasonable.

EAJA provides that a court shall award "reasonable attorney fees" to
prevailing parties.  28 U.S.C. § 2412(d)(2)(A).  An EAJA application should include
"the amount sought, including an itemized statement from any attorney . . .
representing or appearing on behalf of the party stating the actual time expended and
the rate at which fees . . . were computed."  28 U.S.C. § 2412(d)(1)(B).  "The most
useful starting point for determining the amount of a reasonable fee is the number of
hours reasonably expended on the litigation multiplied by a reasonable hourly rate,"
which is also referred to as the "lodestar."  *Hensley v. Eckerhart*, 461 U.S. 424, 433

9

(1983). Similarly, "[t]here is no statutory cap on fees under the ESA. Instead, fees are calculated according to the lodestar." *S. Yuba River Citizens League v NMFS*, 2012 WL 1038131 at *2 (E.D. Cal. 2012).

Alliance has calculated this "lodestar" amount. *See City of Burlington v. Dague*, 505 U.S. 557, 559-60 (1992). There is a "strong presumption" that the "lodestar" amount represents a "reasonable fee." *Id.* at 561. This is especially true in cases involving the vindication of the public interest, such as this case. *City of Riverside v. Rivera*, 477 U.S. 561, 572 (1985).

For ESA fee petitions, "[t]he court must look to the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience and reputation; it may not refer to the rates actually charged to the prevailing party. . . . Rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Natural Resources Defense Council v. Babbitt*, 1994 WL 361811 *7-8 (N.D. Cal. 1994); *see also S. Yuba*, 2012 WL 1038131 at *6.

The Appellate Commissioner and District of Montana have previously determined Smith's and Bechtold's rates. *Hapner v. Tidwell*, 9th Cir. No. 09-35896, Docket Entry 60 (May 22, 2012)(order of Ninth Circuit Appellate Commissioner on fees - establishing 2010 appellate rates); *Alliance for Wild*

10

(15 of 94)

Case: 16-35588, 09/21/2018, ID: 11020718, DktEntry: 101-1, Page 15 of 26
Case 9:15-cv-00054-DLC  Document 92  Filed 09/26/18  Page 15 of 94

*Rockies v. Krueger*, 2014 WL 46498 *5 (D. Mont. 2014)(establishing 2013 district court rates). Subsequently, the Appellate Commissioner has held that it is appropriate for attorneys to increase their rates by $25 per hour on an annual basis: the Appellate Commissioner noted that "the Northern District of California has awarded $450 per hour for 2008 to 2009 work by Loarie" and held that the "hourly rates of $550 for Loarie . . . for the 2013 to 2015 work on the merits" was reasonable" because "Loarie's $450 hourly rate . . . reasonably ha[s] increased in the past eight years.*" Pollinator Stewardship Council v. U.S. Envtl. Prot. Agency*, 2017 WL 3096105, at *6 (9th Cir. 2017). Accordingly, if the attorney's rate was $450 per hour in 2009 and reasonably increased to $550 per hour in 2013, that equates to a reasonable increase of $100 per hour over four years, i.e. a reasonable annual increase of $25 per hour. *See id.*

Thus, as established in prior orders, Ms. Smith's hourly rate in the District of Montana in 2013 was $230 per hour. *Krueger*, 2014 WL 46498, at *5. Under *Pollinator Stewardship Council*, an annual increase of $25 per hour is reasonable. 2017 WL 3096105, at *6. Ms. Smith's hourly rate was thus $255 per hour in 2014, $280 per hour in 2015, $305 per hour in 2016, $330 per hour in 2017, and $355 per hour in 2018. Declaration of Rebecca K. Smith ¶8 (September 21, 2018). Two experienced practitioners in the District of Montana agree that this is a reasonable district court rate for Ms. Smith. Declaration of Matthew Bishop ¶19 (September

11

(16 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-1, Page 16 of 26
Case 9:15-cv-00054-DLC Document 92 Filed 09/26/18 Page 16 of 94

18, 2018); Declaration of Dana Johnson ¶13 (September 10, 2018).

Regarding appellate rates, Ms. Smith's hourly rate in the Ninth Circuit/Seattle forum in 2010 was set by the Appellate Commissioner at $225 per hour. *Hapner v. Tidwell*, 9th Cir. 09-35896, Order of Appellate Commissioner, Docket Entry 60 (May 22, 2012). In line with this Order, and a reasonable $25 annual increase under *Pollinator Stewardship Council*, Ms. Smith's appellate rate in 2011 was $250, in 2012 was $275, in 2013 was $300, in 2014 was $325, in 2015 was $350, in 2016 was $375, in 2017 was $400, and in 2018 was $425. R.K. Smith Declaration ¶8. Two experienced environmental plaintiff's attorneys in the Seattle forum agree that these rates are within the prevailing market rates. Declaration of Richard A. Smith ¶15 (September 17, 2018); Declaration of Paul Kampmeier ¶¶ 13-14 (September 17, 2018).

Additionally, as established in prior orders, Mr. Bechtold's hourly rate in the District of Montana in 2013 was $290.00/hour. *Krueger*, 2014 WL 46498, at *5. Under *Pollinator Stewardship Council*, an annual increase of $25 per hour is reasonable. 2017 WL 3096105, at *6. Thus, Mr. Bechtold's reasonable hourly rate was $315 per hour in 2014, $340 per hour in 2015, $365 per hour in 2016, and $390 per hour in 2017, and $415 in 2018. Declaration of Timothy Bechtold ¶11 (September 20, 2018). Two experienced practitioners in the District of Montana agree that this is a reasonable district court rate for Mr. Bechtold. Bishop

Declaration ¶19; Johnson Declaration ¶13.

Regarding appellate rates, Mr. Bechtold's hourly rate in the Ninth Circuit/Seattle forum in 2010 was set by the Appellate Commissioner at $350 per hour. *Hapner v. Tidwell*, 9th Cir. 09-35896, Order of Appellate Commissioner, Docket Entry 60 (May 22, 2012). Thus, with an annual increase of $25 per hour under *Pollinator Stewardship Council*, Mr. Bechtold's reasonable hourly appellate rate was $500 per hour in 2016, $525 per hour in 2017, and $550 in 2018. Bechtold Declaration ¶12. Two experienced environmental plaintiff's attorneys in the Seattle forum agree that these rates are within the prevailing market rates. R.A. Smith Declaration ¶15; Kampmeier Declaration ¶¶ 13-14.

There are no court orders establishing Ms. Brooks' rate. However, the EAJA rate, adjusted for cost of living, is calculated by enhancing the base hourly rate of $125 by the consumer price index for urban consumers for the year in which the fees were earned. *See Sorenson v. Mink*, 239 F.3d 1140, 1149 (9th Cir. 2001). Using that calculation, this Court calculates and posts online the adjusted EAJA rates.[2] The adjusted EAJA rate for the first year of Ms. Brooks' law practice - 2014 - which is the year all of her hours were incurred, was $190.06. Because all of Ms. Brooks' hours were incurred in her first year of practice, Alliance requests compensation for Ms. Brooks at the adjusted 2014 EAJA rate without expertise

---

[2]https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039

enhancements.

Regarding Ms. Smith and Mr. Bechtold, however, there are "special factors" present in this case. 28 U.S.C. § 2412(d)(2)(A). To justify an enhancement on this basis, "[f]irst, the attorney must possess distinctive knowledge and skills developed through a practice specialty. Secondly, those distinctive skills must be needed in the litigation. Lastly, those skills must not be available elsewhere at the statutory rates." *Love*, 924 F.2d at 1495. This Court has expressly recognized environmental law as a specialized practice area warranting fee enhancements under EAJA: "Environmental litigation is an identifiable practice specialty that requires distinctive knowledge." *Love*, 924 F.2d at 1496.

Mr. Bechtold has distinctive knowledge and skills developed through a practice specializing in environmental law. He received an A.B. from Harvard College in 1984 with an academic concentration on biology, with a focus on ecology. He received an M.S. in Environmental Studies from the University of Montana in 1992. He received a J.D. with high honors from the University of Montana in 2000, and was admitted to the Montana State Bar on October 6, 2000. While in law school, he was an editor of the Public Land and Resources Law Review, and published a law review article on the listing of the bull trout under the Endangered Species Act. After graduation from law school, Mr. Bechtold clerked for the District of Montana for two years. Bechtold Declaration ¶¶ 2-3.

14

Mr. Bechtold specializes in the litigation of environmental matters. He has taught a graduate-level seminar on NFMA and NEPA at the University of Montana. He has been a guest lecturer on environmental topics at the University of Montana School of Law and the Vermont Law School, and has presented on environmental topics at Continuing Legal Education seminars. Bechtold Declaration ¶ 7. His case load includes dozens of lawsuits involving management of federal public land and wildlife, environmental remediation, citizen suits under the Clean Water Act, as well as suits brought under the citizen suit and cost recovery provisions of CERCLA and RCRA. Bechtold Declaration ¶ 8. Both the District of Montana and Appellate Commissioner have agreed that Mr. Bechtold's expertise qualifies him to receive an enhanced rate. *See e.g. Krueger*, 2014 WL 46498 *5; *Hapner v. Tidwell*, 9th Cir. No. 09-35896, Docket Entry 60.

Ms. Smith also has distinctive knowledge and skills developed through a practice specializing in environmental law. She received a Masters of Science in Environmental Studies from the University of Montana in 2008. She received a J.D. with high honors, and a Certificate in Environmental and Natural Resources Law, when she graduated as Class Valedictorian from the University of Montana School of Law in 2008. She was admitted to the Montana State Bar on October 7, 2008. While in law school, she was an editor of the Public Land and Resources Law Review and published three law review articles on National Forest management.

R.K. Smith Declaration ¶¶ 1-3.

Ms. Smith's law practice emphasizes public interest environmental litigation, with a particular specialization in conservation issues related to land and wildlife management in Montana and Idaho.  She has worked on dozens of cases  involving federal environmental law.  She has secured successful published rulings for clients in Montana, Idaho, and before this Court.  She has also presented lectures on federal environmental law for the University of Montana School of Law, the Vermont Law School, and the University of Oregon School of Law.  In 2018, Ms. Smith received the Kerry Rydberg Award for Excellence in Public Interest Environmental Lawyering.  R.K. Smith Declaration ¶¶ 4-6.  Both the District of Montana and Appellate Commissioner have agreed that Ms. Smith's expertise qualifies her to receive an enhanced rate.  *See e.g. Krueger*, 2014 WL 46498 *5;   *Hapner v. Tidwell*, 9th Cir. No. 09-35896, Docket Entry 60.

Thus, Mr. Bechtold and Ms. Smith have distinctive knowledge and skill from their specialty practices in federal environmental law.  These "distinctive skills [were] needed in the litigation."  *Love*, 924 F.2d at 1495.  This case was a challenge to a federal agency action that required knowledge of multiple federal environmental laws, as well as knowledge of federal court rules and procedures.  Additionally, this case required knowledge, understanding, and review of complicated scientific documents including scientific studies related to wildlife biology and habitat

management. Thus, the attorneys' understanding and experience with federal
environmental law and environmental sciences were necessary for the success of
this case.

Finally, these distinctive skills were "not [] available elsewhere at the
statutory rate." *Love*, 924 F.2d at 1495. The high-quality legal representation was
not otherwise available elsewhere to Alliance at statutory rates and could not have
been provided by local general practitioners. Garrity Declaration ¶¶ 4-7. The
ultimate success in this case would not have happened without counsel's specialized
knowledge, expertise, and skill in environmental law. Garrity Declaration ¶¶ 4-7.

**D. Alliance's requested hours are reasonable.**

The hours expended on this case were reasonable and necessary and not
excessive. Bechtold Declaration ¶15; R.K. Smith Declaration ¶11; Bishop
Declaration ¶18; Johnson Declaration ¶9; R.A. Smith Declaration ¶16. Regarding
the number of hours reasonably expended, "[b]y and large, the court should defer to
the winning lawyer's professional judgment as to how much time [s]he was required
to spend on the case." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th
Cir. 2008). Counsels' "[s]worn testimony that, in fact, it took the time claimed is
evidence of considerable weight on the issue of the time required." *Perkins v.
Mobile Housing Board*, 847 F.2d 735, 738 (11th Cir. 1988).

As the D.C. Circuit has explained, "[t]he key question is whether the work

17

was reasonably done in pursuit of the ultimate result.  In other words, would a

private attorney being paid by a client reasonably have engaged in similar time

expenditures?"  *Goos v. National Ass'n of Realtors*, 68 F.3d 1380, 1385-1386 (D.C.

Cir. 1995); *see also Woods v. Graphics Communications*, 925 F.2d 1195, 1207 (9th

Cir. 1991).   This Court has stated that the courts need not and should not be asked

to engage in an "hour by hour analysis of the fee request."  *Gates v. Deukmejian*,

987 F.2d 1392, 1399 (9th Cir. 1992).  Similarly, the Supreme Court has stated that

"EAJA – like other fee-shifting statutes – favors treating a case as an inclusive

whole, rather than as atomized line items." *Jean*, 496 U.S. at 161-62.

In order to determine whether the number of hours expended is reasonable,

plaintiff's counsel "should identify the general subject matter of his [or her] time

expenditures."  *Hensley*, 461 U.S. at 437 n.12.  In identifying the subject matter,

counsel "is not required to record in great detail how each minute of [her] time was

expended."  *Id*.  Rather, the test is whether the hours were "reasonable."  *City of

Riverside*, 477 U.S. at 570 n. 4.  To deny compensation, "it must appear that the

time claimed is obviously and convincingly excessive under the circumstances."  *Id*.

"Normally [an award of attorneys fees] will encompass all hours reasonably

expended on the litigation . . . ."  *Hensley*, 461 U.S. at 435.

In successfully prosecuting this case, Alliance's attorneys expended

reasonable hours engaged in normal and justified tasks associated with careful,

conscientious prosecution of a lawsuit against an agency that vigorously defended its actions under an extensive administrative record. In compiling these totals, Alliance's attorneys carefully reviewed their contemporaneous time entries to ensure that no hours were excessive, redundant, or otherwise unnecessary. *See Hensley*, 461 U.S. at 433-34; R.K. Smith Declaration ¶¶9-11 and Attachment A; Bechtold Declaration ¶¶ 13-15 and Exhibit 1.

Finally, the Court should fully compensate Alliance for the time its attorneys spent on this fee petition.[3] The time spent by prevailing parties on their fee petitions is fully compensable under EAJA. *See Love v. Reilly*, 924 F.2d 1492, 1497 (9th Cir. 1991).

**E. Others costs and expenses should be awarded.**

Alliance seeks non-taxable costs on appeal, costs in the district court, and expert witness costs. Pursuant to this Court's Opinion, Alliance did not submit an appellate Bill of Costs and does not seek taxable costs on appeal. *See* Circuit Rule 39-1.1 and Form 10 (limiting Bill of Cost reimbursement to copies of briefs and excerpts of record). Instead, Alliance seeks a total of $5,075.19 for non-taxable costs on appeal, costs in the district court, and expert witness expenses. R.K. Smith

---

[3]Alliance's fee request is for hours incurred as of the date of the filing of this fee motion. Alliance reserves the right to request an award of additional attorneys' fees associated with additional time spent on this fee petition that may occur as the case proceeds.

(24 of 94)

Case: 16-35588, 09/21/2018, ID: 11020718, DktEntry: 101-1, Page 24 of 26
Case 9:15-cv-00054-DLC Document 92 Filed 09/26/18 Page 24 of 94

Declaration ¶¶ 12-15 ($1,982.69 in nontaxable costs on appeal and district court

costs, and $3,092.50 in expert witness fees); *see Grove v. Wells Fargo Financial*,

606 F.3d 577, 579-582 (9th Cir. 2010)(differentiating between taxable and non-

taxable costs and holding "we repeatedly have allowed prevailing plaintiffs to

recover non-taxable costs where statutes authorize attorney's fees awards to

prevailing parties"); *Oregon Natural Resources Council Fund v. Goodman*, 2008

WL 4000442 at *7 (D. Or. 2008)(compensating fee experts); 16 U.S.C. §1540 (g)

and 24 U.S.C. §2412(d) (2)(A)(expressly allowing expert witness fees under ESA

and EAJA).

## III. CONCLUSION

In conclusion, Alliance respectfully requests the following:

| | |
|---|---|
| Rebecca K. Smith Attorney Fees | $113,507.74 |
| Timothy M Bechtold Attorney Fees | $68,055.26 |
| Talasi Brooks Attorney Fees | $7,906.49 |
| Non-taxable Costs/Expenses | $1,982.69 |
| Expert Witness Fees | $3,092.50 |
| GRAND TOTAL | $194,544.68 |

Respectfully submitted this 21st  Day of September, 2018.

//

//

//

//

<div style="margin-left:auto;">

*/s/ Rebecca K. Smith*
REBECCA K.  SMITH
Public Interest Defense Center, P.C.

TIMOTHY BECHTOLD
Bechtold Law Firm, PLLC

Attorneys for Appellant

</div>

## CERTIFICATE OF COMPLIANCE

I certify that, pursuant to Fed. R. App. P. 27(d) and Circuit Rule 27-1(1), the

foregoing motion is proportionately spaced, has a typeface of 14 points or more and

contains no more than 20 pages excluding the cover, table of contents, table of

authorities, certificates of compliance and service, and signature blocks.

> */s/ Rebecca K. Smith*
> Rebecca K. Smith
> PUBLIC INTEREST DEFENSE CENTER, P.C.
>
> Timothy M. Bechtold
> BECHTOLD LAW FIRM, PLLC
>
> Attorneys for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2018, I electronically filed the

foregoing document, including all attachments, with the Clerk of the Court for the

United States Court of Appeals for the Ninth Circuit by using the CM/ECF system.

All participants in the case are registered CM/ECF users and service will be

accomplished by the appellate CM/ECF system.

> */s/ Rebecca K. Smith*
> Rebecca K. Smith
> PUBLIC INTEREST DEFENSE CENTER, P.C.
>
> Timothy M. Bechtold
> BECHTOLD LAW FIRM, PLLC
>
> Attorneys for Appellant

(27 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-2, Page 1 of 10
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 27 of 94

No. 16-35589

---

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and
LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

---

DECLARATION OF TIMOTHY M. BECHTOLD

---

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

(28 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-2, Page 2 of 10
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 28 of 94

Pursuant to 28 U.S.C. § 1746, I, Timothy Bechtold, declare as follows:

1.      I make this declaration in support of the petition for attorney fees and other
        expenses filed by Plaintiffs in this case. I am co-counsel on this case, and
        competent to make this Declaration.

2.      I received an A.B. from Harvard College in 1984. My academic
        concentration was biology, with a focus on ecology.  I received an M.S. in
        Environmental Studies from the University of Montana in 1992. My
        academic focus while in this master's program was public land use policy
        and law. My master's thesis was an analysis of timber management on the
        former Northern Pacific landgrant in Montana.  I received a J.D. with high
        honors from the University of Montana in 2000, and was admitted to the
        Montana bar on October 6, 2000.  While in law school, I was editor of the
        *Public Land and Resources Law Review*, and published a law review article
        on the listing of the bull trout under the Endangered Species Act.

3.      After graduation from law school, I clerked for the Honorable Donald W.
        Molloy, then Chief Judge of the District of Montana, for two years. During
        the course of this clerkship I also had opportunity to assist Judge Molloy
        when he sat with the Ninth Circuit.

4.      After my clerkship with Judge Molloy, I entered into private practice on
        September 1, 2002 with the law firm of Rossbach Brennan, PC, which
        became Rossbach Hart Bechtold, PC in November, 2003. In January, 2008 I
        left Rossbach Hart Bechtold, PC and formed a solo practice, Bechtold Law
        Firm, PLLC.

5.      I was chairman of the Federal Practice Section of the Montana State Bar
        Association from 2004-2012, and was President of the Montana Chapter of
        the Federal Bar Association from 2010-2012. I was also a member of the
        Local Rules Committee for the District of Montana from 2001-2006. I have
        served on the Board of Directors of the Montana Trial Lawyers Association
        since 2010, and I am currently the immediate Past-President of the Board of
        the Montana Trial Lawyers Association.  I am rated Martindale-Hubbard
        AV-Preeminent, I am a National Trial Lawyer Top 100 Trial Lawyer, and I
        am a Life Fellow of the American Bar Foundation.

6.      I am admitted to practice in the State of Montana, the United States District
        Court for the District of Montana, the United States District Court for the

(29 of 94)

Case: 16-35589  09/21/2018  ID: 11020718  DktEntry: 101-2  Page 3 of 10
Case 9:15-cv-00054-DLC  Document 92  Filed 09/26/18  Page 29 of 94

District of Colorado, and the Second, Third, Sixth, Ninth, Tenth, and District of Columbia Circuit Courts of Appeals. Additionally, I have appeared *pro hac vice* in district court litigation in Alaska, Oregon, Washington, California, Utah, Kentucky, Pennsylvania, and the District of Columbia.

7.  I specialize primarily in the litigation of environmental matters.  I have taught a graduate-level seminar on the National Forest Management Act and the National Environmental Policy Act at the University of Montana, I have been a guest lecturer on environmental topics at the University of Montana School of Law and the Vermont Law School, and I have presented on environmental topics at Continuing Legal Education seminars. My case load includes suits involving environmental restoration and remediation, management of federal public land and wildlife, land use, citizen suits under the Clean Water Act, as well as suits brought under the citizen suit and cost recovery provisions of CERCLA and RCRA.

8.  Representative federal cases on which I have been actively involved as an attorney include *Montanans for Multiple Use v. Barbouletos*, 568 F.3d 225 (D.C. Cir. 2009) (representing defendant-intervenors in challenge to Forest Service authority to manage various aspects of the Flathead National Forest based on, *inter alia*, Organic Act and Multiple Use Sustained Yield Act ); *Cabinet Resources Group v. Asarco*, CV 02-209-M-DWM (D. Mont.)(a case alleging violations of RCRA and CERCLA, eventually settled in bankruptcy);  *Friends of the Wild Swan v. US Forest Service*, CV 03-161-M-DWM (D. Mont.); *Swan View Coalition v. Barbouletos*, CV 03-112-M-DWM (D. Mont.), 348 Fed.Appx. 295 (9th Cir. 2009)(requiring the Forest Service to establish a standard when forest uses compete with grizzly bears); *Forest Service Employees for Environmental Ethics v. US Forest Service*, 397 F.Supp.2d 391 (D. Mont. 2005)(requiring Forest Service to comply with NEPA and ESA for aerial application of fire retardant); *Forest Service Employees for Environmental Ethics v. US Forest Service*, 530 F.Supp.2d 1126 (D.Mont. 2008)(contempt hearing appropriate for Forest Service's failure to comply with court order); *Forest Service Employees for Environmental Ethics v. US Forest Service,* 726 F.Supp.2d 1195 (D.Mont 2010)(Forest Service violated NEPA, NFMA, and ESA in preparing fire retardant EA);  *Alliance for the Wild Rockies v. Bradford*, 720 F.Supp.2d 1193 (D.Mont 2010) (Kootenai National Forest violated NEPA, NFMA, and ESA in preparing three timber sale projects); *Alliance for the Wild Rockies v. Lyder,* 726 F.Supp.2d 1126 (D.Mont. 2010)(U.S. Fish & Wildlife Service critical habitat designation for lynx insufficient); *Alliance for the Wild*

(30 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-2, Page 4 of 10
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 30 of 94

*Rockies v. Krueger*, 950 F.Supp.2d 1172 (D.Mont. 2013)(federal agencies
must conduct consultation for migratory species). *Swan View Coalition v.
Weber*, 52 F.Supp.3d 1133 (D. Mont. 2014)(federal agency must conform to
law on newly-acquired lands); *Alliance for the Wild Rockies v. USDA*, 772
F.3d 592 (9th Cir. 2014)(complaints may be amended to include ESA claims
after 60-day notice runs); *WildEarth Guardians v. U.S. Department of the
Interior,* 205 F.Supp.3d 1176 (D. Mont. 2016) (critical habitat designation
for lynx insufficient); *Alliance for the Wild Rockies v. Marten*, 200
F.Supp.3d. 1110 (D. Mont. 2016)(enjoining timber sale for irrigation ditch
maintenance); *Wild Rockies v. Zinke*, 265 F.Supp.3d 1161 (D. Mont.
2017)(FWS not warranted finding for Cabiinet Yaak grizzly bears arbitrary
and capricious); *Alliance for the Wild Rockies v. Marten*, 253 F.Supp.3d
1108 (D. Mont. 2017)(enjoining timber sale in critical habitat); *Alliance for
the Wild Rockies v. Marten*, 2018 WL 2943251 (D. Mont. 2018)(vacatur
proper upon voluntary remand); *Indigenous Environmental Network v. U.S.
Department of State*, 2018 WL 3910838 (D. Mont. 2018)(Keystone XL
pipeline requires additional NEPA analysis).

9.      The area of federal environmental litigation is complex and specialized. It
        requires an understanding of the complexities of federal case law, statutes,
        and regulations.

10.     Because environmental litigation is an area of my specialty, as well as the
        specialty of co-counsel Rebecca Smith, we were able to litigate this matter
        efficiently and effectively. Because I am in private practice and do not earn a
        salary from an organization, I carry a heavy caseload that requires me to
        allocate my time efficiently. In this case, we obtained a favorable result for
        our clients while expending very reasonable hours.

11.     I am requesting to be compensated at an hourly rate of $365 for hours
        expended in the district court in 2016, $340 for hours in 2015, and $315 for
        hours in 2014. These are reasonable rates for my level of skill and expertise.
        Moreover, these rates are based on the rates awarded me by for prior
        litigation work and reflect cost of living and expertise enhancements. The
        last court order setting a district court rate for me was *Alliance for Wild
        Rockies v. Krueger*, 2014 WL 46498 *5 (D. Mont. 2014)(awarding
        $290/hour for work performed in district court in 2013).  My rates for work
        on the merits reflect a modest $25 increase per year as approved by the
        Ninth Circuit Appellate Commissioner in *Pollinator Stewardship*.

(31 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-2, Page 5 of 10
Case 9:15-cv-00054-DLC Document 92 Filed 09/26/18 Page 31 of 94

12.     I am requesting to be compensated at an hourly rate of $500 for hours
        expended in the Ninth Circuit in 2016, $525 for hours in 2017, and $550 for
        hours in 2018. The last court order on a reasonable appellate fee rate for me
        in the Seattle, Washington appellate forum was issued by the Appellate
        Commissioner in 2012 and addresses fees incurred in 2009/2010.  The
        Appellate Commissioner found that my reasonable appellate rate was $350
        for 2010.  *Hapner v. Tidwell*, 9th Cir. 09-35896, Order of Appellate
        Commissioner, Docket Entry 60 (May 22, 2012).  My rates for work on the
        merits reflect a modest $25 increase per year as approved by the Ninth
        Circuit Appellate Commissioner in *Pollinator Stewardship*.  Furthermore, in
        line with *Pollinator Stewardship*, I have requested only the adjusted EAJA
        rate of $200.78 for my work on this fee petition.

13.     I maintain detailed, contemporaneous daily records for each tenth of an hour
        of work time. These records are broken down by time expended and general
        purpose of the work.  The daily records of my work accompany this
        declaration as Exhibit 1.

14.     In reviewing the daily time records for work performed in connection with
        this case, I have exercised billing judgment and eliminated excess and
        duplicative entries.

15.     In my opinion, the professional hours detailed in my daily records that I am
        submitting to the Court were reasonable and necessarily expended for the
        preparation and successful presentation of this case.   In my opinion, these
        hours represent time that would properly be charged to a commercial client.
        As detailed in Exhibit 1, the total number of hours expended is 182.1.   At
        the rates explained above, and as detailed in Exhibit 1, my total fee request
        at this time is for $68,055.26.

16.     My total costs for this matter are $140.67 for postage and printing of the 60-
        day notice in this matter and postage for shipping paper copies of briefs to
        the court.

I declare under penalty of perjury that the foregoing is true and correct.

Dated this 20th day of September, 2018.


                              /s/Timothy M. Bechtold

# Exhibit 1

| Date | Description | Rate | Time Billed | Amount billed |
|---|---|---|---|---|
| 9/1/2014 | call w client re East Res project, conf Talasi re ER | 315 | 2.50 | 787.50 |
| 9/3/2014 | conf w Talasi re ER | 315 | 0.20 | 63.00 |
| 9/29/2014 | conf w Talasi re ER | 315 | 0.50 | 157.50 |
| 10/29/2014 | review project documents, Talasi notes | 315 | 7.00 | 2,205.00 |
| 10/30/2014 | call w client re claims | 315 | 0.80 | 252.00 |
| 11/24/2014 | email from client re ROD, review ROD, project docs | 315 | 5.50 | 1,732.50 |
| 11/25/2014 | review project documents | 315 | 8.10 | 2,551.50 |
| 12/2/2014 | review projects documents, revise 60-day, send | 315 | 6.30 | 1,984.50 |
| 12/8/2014 | emails w clients | 315 | 0.20 | 63.00 |
| 12/8/2014 | review ER BA | 315 | 5.70 | 1,795.50 |
| 12/10/2014 | emails w clients re issues on ER | 315 | 0.70 | 220.50 |
| 12/16/2014 | emails w client re lynx; review scientific lit | 315 | 8.20 | 2,583.00 |
| 1/2/2015 | email re issues and claims w client, research issues | 340 | 5.80 | 1,972.00 |
| 1/8/2015 | email w client re 60 day | 340 | 0.10 | 34.00 |
| 1/8/2015 | calls w client re issues, litigation | 340 | 1.50 | 510.00 |
| 1/8/2015 | review project documents | 340 | 5.20 | 1,768.00 |
| 1/9/2015 | review project documents | 340 | 6.90 | 2,346.00 |
| 1/10/2015 | call w client re issues and claims, litigation | 340 | 0.80 | 272.00 |
| 4/14/2015 | conf w Rebecca re ER issues | 340 | 0.50 | 170.00 |
| 5/7/2015 | conf w Rebecca re claims | 340 | 0.70 | 238.00 |
| 5/8/2015 | conf w Rebecca re claims | 340 | 0.50 | 170.00 |
| 5/11/2015 | revise complaint | 340 | 2.90 | 986.00 |
| 5/13/2015 | PPTO | 340 | 0.10 | 34.00 |
| 5/14/2015 | issue and claim research, project documents | 340 | 3.00 | 1,020.00 |
| 5/14/2015 | issue and claim research, project documents | 340 | 4.20 | 1,428.00 |
| 5/18/2015 | John Tustin NOA | 340 | 0.10 | 34.00 |
| 5/18/2015 | scheduling order | 340 | 0.20 | 68.00 |
| 5/18/2015 | email w John Tustin | 340 | 0.10 | 34.00 |
| 5/18/2015 | FOIA response | 340 | 0.10 | 34.00 |
| 5/20/2015 | emails w John re implementation | 340 | 0.20 | 68.00 |
| 6/18/2015 | emails w client, Rebecca re ER | 340 | 0.10 | 34.00 |
| 6/19/2015 | John's CMP | 340 | 0.20 | 68.00 |
| 6/22/2015 | conf w Rebecca re schedule | 340 | 0.40 | 136.00 |
| 6/22/2015 | emails w John re CMP | 340 | 0.10 | 34.00 |
| 6/30/2015 | CMO | 340 | 0.20 | 68.00 |
| 7/16/2015 | emails w counsel, client re strategy | 340 | 0.30 | 102.00 |
| 7/28/2015 | email from John re stakeholders | 340 | 0.10 | 34.00 |
| 8/10/2015 | revise intervene brief | 340 | 1.00 | 340.00 |
| 8/27/2015 | AR notice | 340 | 0.10 | 34.00 |
| 9/14/2015 | review AR, conf Rebecca | 340 | 2.20 | 748.00 |
| 9/15/2015 | emails w John | 340 | 0.10 | 34.00 |
| 9/18/2015 | email w John re AR | 340 | 0.10 | 34.00 |
| 9/21/2015 | email re AR error | 340 | 0.10 | 34.00 |
| 9/30/2015 | conf w Rebecca re brief | 340 | 0.30 | 102.00 |
| 10/7/2015 | Revise SJ brief, SUF | 340 | 6.00 | 2,040.00 |
| 10/8/2015 | Revise SJ brief, SUF | 340 | 7.60 | 2,584.00 |
| 11/20/2015 | USA SJ | 340 | 1.90 | 646.00 |
| 11/21/2015 | USA SJ brief, SUF, SDF, review AR docs | 340 | 6.60 | 2,244.00 |
| 11/22/2015 | USA SJ brief, SUF, SDF, review AR docs | 340 | 5.20 | 1,768.00 |
| 12/9/2015 | conf w Rebecca re reply | 340 | 0.30 | 102.00 |
| 12/10/2015 | conf w Rebecca re reply | 340 | 0.20 | 68.00 |
| 12/11/2015 | conf w Rebecca re reply | 340 | 1.10 | 374.00 |
| 12/14/2015 | conf w Rebecca re reply | 340 | 0.50 | 170.00 |
| 12/14/2015 | revise reply brief | 340 | 6.70 | 2,278.00 |

| | | | | |
|---|---|---|---|---|
| 12/15/2015 | disputed facts | 340 | 1.80 | 612.00 |
| 1/12/2016 | amicus order | 365 | 0.10 | 36.50 |
| 1/21/2016 | USA reply | 365 | 0.80 | 292.00 |
| 1/25/2016 | amicus brief | 365 | 0.40 | 146.00 |
| 2/8/2016 | USA amicus response | 365 | 0.20 | 73.00 |
| 2/18/2016 | hearing order | 365 | 0.10 | 36.50 |
| 2/19/2016 | call, emails w client | 365 | 0.30 | 109.50 |
| 4/14/2016 | conf w Rebecca re hearing | 365 | 0.40 | 146.00 |
| 4/15/2016 | conf w Rebecca re hearing | 365 | 0.80 | 292.00 |
| 4/18/2016 | cottonwood cert extended | 365 | 0.20 | 73.00 |
| 4/19/2016 | prep for hearing | 365 | 0.70 | 255.50 |
| 4/19/2016 | hearing | 365 | 2.50 | 912.50 |
| 4/19/2016 | debrief w client, counsel | 365 | 0.50 | 182.50 |
| 5/3/2016 | email from DOJ | 365 | 0.10 | 36.50 |
| 5/5/2016 | conf w Rebecca re implementation, call w client | 365 | 0.40 | 146.00 |
| 5/6/2016 | DOJ email | 365 | 0.10 | 36.50 |
| 5/9/2016 | DOJ emails, conf Rebecca, client | 365 | 0.30 | 109.50 |
| 5/23/2016 | email to DOJ | 365 | 0.10 | 36.50 |
| 5/24/2016 | email from DOJ | 365 | 0.10 | 36.50 |
| 5/27/2016 | email from DOJ, conf w Rebecca and client | 365 | 0.20 | 73.00 |
| 6/27/2016 | email to DOJ | 365 | 0.10 | 36.50 |
| 6/28/2016 | email from DOJ | 365 | 0.10 | 36.50 |
| 7/5/2016 | email from DOJ | 365 | 0.10 | 36.50 |
| 7/5/2016 | call to client | 365 | 0.10 | 36.50 |
| 7/20/2016 | SJ order | 365 | 2.30 | 839.50 |
| 7/20/2016 | conf w Rebecca , client re SJ | 365 | 0.50 | 182.50 |
| 7/20/2016 | NOA, revise stay brief | 365 | 1.20 | 438.00 |
| 7/21/2016 | USCA scheduling order | 500 | 0.30 | 150.00 |
| 7/26/2016 | mediation order | 500 | 0.10 | 50.00 |
| 8/1/2016 | email from DOJ re more time, conf w Rebecca | 365 | 0.20 | 73.00 |
| 8/1/2016 | more time motion | 365 | 0.20 | 73.00 |
| 8/1/2016 | more time order | 365 | 0.10 | 36.50 |
| 8/9/2016 | conf w Rebecca re 27-3 brief | 500 | 0.60 | 300.00 |
| 8/10/2016 | revise 27-3 brief | 500 | 3.20 | 1,600.00 |
| 8/10/2016 | USA response to stay | 365 | 0.50 | 182.50 |
| 8/10/2016 | DOJ NOA | 500 | 0.10 | 50.00 |
| 8/11/2016 | clerks order | 500 | 0.10 | 50.00 |
| 8/11/2016 | mediation order | 500 | 0.10 | 50.00 |
| 8/22/2016 | USA 27-3 brief | 500 | 1.50 | 750.00 |
| 8/22/2016 | revise 27-3 reply | 500 | 1.10 | 550.00 |
| 8/23/2016 | 27-3 order | 500 | 0.10 | 50.00 |
| 8/23/2016 | call w client re order | 500 | 0.10 | 50.00 |
| 8/23/2016 | Tustin email re strike | 365 | 0.10 | 36.50 |
| 8/24/2016 | DOJ strike motion | 365 | 0.50 | 182.50 |
| 8/31/2016 | stay pending appeal order | 365 | 0.30 | 109.50 |
| 8/31/2016 | calls w client re status | 365 | 0.30 | 109.50 |
| 8/31/2016 | renewal | 500 | 0.10 | 50.00 |
| 9/9/2016 | DOJ response | 500 | 0.10 | 50.00 |
| 9/13/2016 | call w Rebecca, client re 27-3 order | 500 | 0.30 | 150.00 |
| 9/13/2016 | 27-3 order | 500 | 0.10 | 50.00 |
| 10/24/2016 | order on oral argument | 500 | 0.10 | 50.00 |
| 10/25/2016 | Tamara emails, conf w Rebecca, call w client | 500 | 0.50 | 250.00 |
| 10/26/2016 | revise opening brief | 500 | 6.20 | 3,100.00 |
| 10/26/2016 | conf w Rebecca re opening brief | 500 | 0.10 | 50.00 |
| 10/28/2016 | conf w Rebecca re opening brief | 500 | 0.50 | 250.00 |
| 10/28/2016 | revise opening brief | 500 | 0.90 | 450.00 |
| 11/18/2016 | email from DOJ re more time | 500 | 0.10 | 50.00 |
| 11/18/2016 | DOJ more time motion | 500 | 0.10 | 50.00 |

(35 of 94)

Case: 16-35589  09/21/2018, ID: 11020718, DktEntry: 101-2, Page 9 of 10
Case 9:15-cv-00054-DLC  Document 92  Filed 09/26/18  Page 35 of 94

| | | | | |
|---|---|---|---|---|
| 11/21/2016 | call w client re status | 500 | 0.70 | 350.00 |
| 11/28/2016 | order on change injunction, call w client | 500 | 0.60 | 300.00 |
| 11/28/2016 | oral argument order | 500 | 0.10 | 50.00 |
| 11/29/2016 | conf w Rebecca re oral argument | 500 | 0.20 | 100.00 |
| 12/9/2016 | DOJ brief | 500 | 2.20 | 1,100.00 |
| 12/9/2016 | review SER | 500 | 0.60 | 300.00 |
| 12/14/2016 | minute entry | 500 | 0.10 | 50.00 |
| 12/20/2016 | conf w Rebecca re reply | 500 | 0.20 | 100.00 |
| 12/21/2016 | conf w Rebecca re reply, call w client | 500 | 1.00 | 500.00 |
| 12/22/2016 | review USA brief, ER, SER docs, revise brief | 500 | 4.80 | 2,400.00 |
| 12/23/2016 | DOJ more time motion | 500 | 0.10 | 50.00 |
| 12/30/2016 | minute entry re briefs | 500 | 0.10 | 50.00 |
| 1/20/2017 | DOJ judicial notice, strike, surreply | 525 | 0.50 | 262.50 |
| 1/20/2017 | conf w Rebecca re DOJ documents | 525 | 0.50 | 262.50 |
| 1/23/2017 | conf w Rebecca re DOJ documents | 525 | 0.10 | 52.50 |
| 1/24/2017 | revise strike response | 525 | 1.80 | 945.00 |
| 2/3/2017 | DOJ letter | 525 | 0.50 | 262.50 |
| 2/6/2017 | conf w Rebecca re DOJ letter, revise response | 525 | 0.30 | 157.50 |
| 2/6/2017 | oral argument prep w Rebecca | 525 | 1.50 | 787.50 |
| 2/9/2017 | observe oral argument | 525 | 0.50 | 262.50 |
| 2/9/2017 | debrief w Rebecca | 525 | 0.60 | 315.00 |
| 2/23/2017 | supp briefing order | 525 | 0.20 | 105.00 |
| 3/9/2017 | supp brief | 525 | 0.30 | 157.50 |
| 3/9/2017 | FER, supp brief of Ds | 525 | 0.60 | 315.00 |
| 3/10/2017 | minute order on supp briefs | 525 | 0.10 | 52.50 |
| 3/10/2017 | USA SER | 525 | 0.30 | 157.50 |
| 3/10/2017 | minute order | 525 | 0.10 | 52.50 |
| 3/17/2017 | minute order | 525 | 0.10 | 52.50 |
| 3/22/2017 | minute orders | 525 | 0.10 | 52.50 |
| 5/26/2017 | 28j letter | 525 | 0.20 | 105.00 |
| 5/30/2017 | 28j response, 28j letter | 525 | 0.10 | 52.50 |
| 5/31/2017 | 28j response | 525 | 0.10 | 52.50 |
| 6/9/2017 | USA 28j | 525 | 0.10 | 52.50 |
| 10/2/2017 | call w Mike re status | 525 | 0.30 | 157.50 |
| 12/21/2017 | email from tamara re moot motion | 525 | 0.10 | 52.50 |
| 12/22/2017 | conf w Rebecca re moot motion | 525 | 0.10 | 52.50 |
| 12/22/2017 | moot motion | 525 | 0.60 | 315.00 |
| 12/27/2017 | response to mooot motion | 525 | 0.50 | 262.50 |
| 1/8/2018 | Tamara email re more time | 550 | 0.10 | 55.00 |
| 1/8/2018 | DOJ more time motion | 550 | 0.20 | 110.00 |
| 1/10/2018 | more time order | 550 | 0.10 | 55.00 |
| 1/26/2018 | DOJ vacate reply | 550 | 0.40 | 220.00 |
| 1/29/2018 | emails w client re status, call w client | 550 | 0.30 | 165.00 |
| 4/18/2018 | DOJ 28j letter | 550 | 0.60 | 330.00 |
| 4/18/2018 | conf w Rebecca re 28j | 550 | 0.50 | 275.00 |
| 4/18/2018 | 28j response | 550 | 0.20 | 110.00 |
| 7/26/2018 | order | 550 | 0.70 | 385.00 |
| 7/26/2018 | conf w Rebecca, emails and call w client | 550 | 0.40 | 220.00 |
| 7/28/2018 | call w client re order | 550 | 0.30 | 165.00 |
| 7/31/2018 | emails re status report, conf w Rebecca | 550 | 0.20 | 110.00 |
| 7/31/2018 | status report | 550 | 0.10 | 55.00 |
| 8/23/2018 | DOJ proposal | 550 | 0.10 | 55.00 |
| 8/23/2018 | conf w Rebecca re status | 550 | 1.00 | 550.00 |
| 9/4/2018 | fee dec | 201 | 1.90 | 381.48 |
| 9/4/2018 | revise fee brief | 201 | 1.00 | 200.78 |
| | | | | |
| **For professional services rendered** | | | **182.10** | **68,055.26** |

**Summary**

|  |  |  |  |
|---|---|---|---|
| District Court 2014 | 315 | 45.70 | 14,395.50 |
| District Court 2015 | 340 | 76.10 | 25,874.00 |
| District Court 2016 | 365 | 14.90 | 5,438.50 |
| Ninth Circuit 2016 | 500 | 27.10 | 13,550.00 |
| Ninth Circuit 2017 | 525 | 10.20 | 5,355.00 |
| Ninth Circuit 2018 | 550 | 5.20 | 2,860.00 |
| Fee Petition | 201 | 2.90 | 582.26 |
| **TT** |  | **182.10** | **68,055.26** |

| EXPENSES: | Copies/Printing | 48.53 |
|---|---|---|
|  | Postage | 92.14 |
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |
| **Total Expenses** |  | **140.67** |

| **TOTAL FEES AND EXPENSES** | **68,195.93** |
|---|---|

(37 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-3, Page 1 of 12
Case 9:15-cv-00054-DLC Document 92 Filed 09/26/18 Page 37 of 94

No. 16-35589

---

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and
LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

---

DECLARATION OF MATTHEW BISHOP

---

REBECCA K. SMITH
Public Interest Defense
Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net
*Attorneys for Appellant*

I, Matthew K. Bishop, hereby state the following:

1.     My name is Matthew Kellogg Bishop. I am a staff attorney with the Western Environmental Law Center's Northern Rockies office in Helena, Montana. I am also the director of the Western Environmental Law Center's Northern Rockies office. I have personal knowledge of all statements made in this declaration. I am submitting this declaration in support of Plaintiffs' motion for attorneys' fees, costs, and other expenses.

2.     I obtained a B.A. in History from Whitman College in 1993 and received my J.D. from Vermont Law School in 1998. I chose to attend law school, and enroll in Vermont Law School's environmental law program in particular, for the sole purpose of studying and practicing public-interest environmental law. While attending law school, I took classes on administrative law, federal natural resource law, water law (both quantity and quality), environmental law, and pollution control law. I also participated in Vermont's environmental moot court competition, completed two independent research and writing projects on issues of natural resource law, and graduated in the top 25% of my class.

3.     While attending law school, I interned for several organizations working exclusively on environmental law matters. From June, 1996 to August 1996, I worked for the Environmental Law Alliance Worldwide in Eugene, Oregon and spent my time researching environmental law issues for public interest environmental attorneys from around the world. I also assisted two public-interest environmental attorneys – one from Brazil and one from Panama – with legal research at the University of Oregon School of Law. In June, 1997 I worked for Trustees for Alaska in Anchorage, Alaska and completed various research and writing projects

on environmental matters for litigating attorneys. From
July, 1997 to August, 1997 I interned with American Rivers
in Seattle, Washington. While at American Rivers, I worked
on various river protection, dam removal, and Federal
Energy Regulatory Commission relicensing issues.

4.    After law school, I joined the Western Environmental Law
      Center's Southwest Office in Taos, New Mexico as a junior
      staff attorney in October, 1998. During this time, I worked
      exclusively on environmental matters including two cases
      defending the reintroduction of the Mexican wolf to its
      historic range in Arizona and New Mexico, litigation to
      protect water quality in the Upper Rio Grande watershed,
      public lands grazing issues in Arizona, and a number of Wild
      and Scenic Rivers Act compliance cases on National Forest
      lands in Arizona, New Mexico, and Colorado. I also worked
      on water issues in Nevada and lead efforts to conserve
      Canada lynx in the southern Rockies. I am now a staff
      attorney and director of the Western Environmental Law
      Center's Northern Rockies Office in my hometown of Helena,
      Montana where I continue to practice public-interest
      environmental law exclusively. My work is now focused
      primarily on wildlife issues, in particular Endangered
      Species Act compliance.

5.    Since joining the Western Environmental Law Center in
      1998, I have represented clients in numerous environmental
      matters pursued under various federal and state
      environmental statutes, including the National
      Environmental Policy Act, National Forest Management Act,
      Clean Water Act, Endangered Species Act, Wild and Scenic
      Rivers Act, National Historic Preservation Act, Federal Land
      Policy Management Act, the Montana Water Use Act,
      Nevada water law, and the Administrative Procedures Act.
      These cases include the following:

*Center for Biological Diversity v. Jewell,* 15-cv-0019-JGZ (D. Ariz. April 2, 2018) (consolidated) (successful challenge to 10(j) rule and "nonessential" finding for Mexican wolves).

*WildEarth Guardians v. Suckow,* 17-cv-00891-WYD (D. Col. November 6, 2017) (successful settlement with APHIS-WS requiring changes to predator control and new NEPA analysis by date certain).

*Friends of the Wild Swan v. Vermillon,* No. 15-35832 (Ninth Cir. August 3, 2017) (successful defense of settlement agreement to protect lynx from trapping).

*The Clark Fork Coalition v. Tubbs*, Case No. 15-0746 (Montana July 25, 2017) (unsuccessful attempt to obtain attorneys' fees and costs for successful challenge to DNRC 's exempt well loophole under the private attorney general doctrine).

*The Clark Fork Coalition v. Tubbs*, 2016 MT 229 (successful challenge to DNRC's exempt well loophole that allowed large subdivisions to avoid water permitting).

*WildEarth Guardians v. U.S. Department of the Interior*, 14-cv-00270-DLC (D. Mont. 2016) (successful challenge to revised lynx critical habitat rule).

*Defenders of Wildlife v. Jewell*, 2016 WL 1363865 (D. Mont. 2016) (successful challenge to agency decision not to list wolverine as a threatened species).

*The New Mexico Off-Highway Vehicle Alliance v. Forest Service*, 645 Fed. Appx. 795 (10th Cir. 2016)(successful defense of travel plan for Santa Fe National Forest) (second chair).

*Friends of the Wild Swan v. Vermillon*, 13-CV-66-M-DLC (D. Mont. February 10, 2015)(successful settlement with Montana requiring changes to trapping regulations in lynx habitat)( Ninth Circuit appeal by intervenors pending).

*National Trust for Historic Preservation v. Suazo*, 2015 WL 1432632 (D. Ariz. 2015)(successful challenge to Sonoran Monument plan allowing target shooting).

*Friends of the Wild Swan v. Weber v. Christiansen*, 767 F.3d 936 (2014) (unsuccessful challenge to Spotted Bear and Solider Addition projects on South Fork of the Flathead).

*Friends of the Wild Swan v. Ashe*, 18 F.Supp.3d 1077 (D. Mont. 2014) (successful challenge to U.S. Fish and Wildlife Service's delay in preparing recovery plan for threatened lynx).

*The Pryors Coalition v. Weldon,* 551 Fed. Appx. 426 (9th Cir. 2014) (unsuccessful challenge to Forest Service's travel plan for Pryor Mountains).

*Montana Wilderness Association v. Connell,* 725 F.3d 988 (9th Cir. 2013) (successful challenge to BLM management plan for Missouri Breaks National Monument).

*The New Mexico Off-Highway Vehicle Alliance v. Forest Service*, 540 Fed. Appx. 877 (10th Cir. 2013) (successful appeal of district court order denying conservation groups intervention) (second chair).

*Helena Hunters & Anglers v. Maurier*, No. BDV-2012-868 (1st Judicial District, Montana, 2013)(successful challenge enjoining Montana from authorizing recreational trapping of wolverines).

*Western Watersheds Project v. Buchanan*, No. 11-cv-354J (D. Wy. 2012)(successful settlement directing Forest Service to

remove fencing and corral to protect path of the pronghorn migration corridor).

*Friends of the Wild Swan v. USFS*, 875 F. Supp. 2d 1199 (D. Mont. 2012)(successful challenge to authorization of timber sale in lynx critical habitat).

*Russell Country Sportsmen v. USFS and MWA,* 668 F. 3d 1037 (9th Cir. 2011)(successful defense of Forest Service's travel plan in Little Belt mountains).

*WildEarth Guardians v. Steve Guertin et al.*, 10-cv-1959-AP (D. Col. 2011)(successful settlement requiring rule to list lynx in New Mexico).

*Alliance for the Wild Rockies v. Cottrell*, 632 F. 3d 1127 (9th Cir. 2011)(successful challenge to salvage sale)(second chair).

*Amigos Bravos v. U.S. Department of* Energy, CV-08-137 (D. N.M. 2011)(successful settlement requiring cleanup of Los Alamos, new permit, and funds for clients).

*River Runners for Wilderness v. Martin*, 593 F. 3d 1064 (9th Cir. 2010)(unsuccessful challenge to management plan for Grand Canyon)(second chair).

*Great Basin Water Network v. State Engineer*, 243 P. 3rd 912 (Nev. 2010)(successful challenge large appropriation of water for Las Vegas)(co-counsel).

*Helena Hunters & Anglers v. Tidwell,* 841 F. Supp. 2d 1129 (D. Mont. 2009) (successful challenge to authorization of biathlon project).

*Wildlands CPR v. Tidwell*, CV-09-75-M-DWM (D. Mont. 2009)(successful settlement directing analysis).

*NICAN v. U.S. Department of Transportation*, 545 F. 3d 1147 (9th Cir. 2008) (mixed result in challenge to highway project).

*WildEarth Guardians v. Hall*, 08-cv-00676 - RMU (D.D.C. 2008) (successful settlement directing 12-month finding on lynx).

*Center for Native Ecosystems v. Wildlife Services*, No. 03-1152 (D. N.M. 2008)(mixed result via stipulated settlement agreement)

*Forest Guardians v. Forsgren*, 478 F. 3d 1149 (10th Cir. 2007) (unsuccessful challenge to Forest Service's failure to consult on how forest plans impact lynx).

*Center for Biological Diversity v. Norton*, CV-01-WM-435 (D. Col. 2005)(unsuccessful challenge dismissed on standing grounds).

*Coalition of Arizona et.al. v. U.S. Fish & Wildlife Service & Defenders of Wildlife*, CV-03-00508 (D. N.M. 2004) (successful defense of Mexican gray wolf reintroduction program).

*Arizona Wildlife Federation v. Golden*, CV-02-0997-PHX-RCB (D. Ariz. 2004) (successful settlement directing analysis and protection of seasonal wetlands).

*Amigos Bravos v. Greene*, CV-00-1615 (D.D.C. 2003) (unsuccessful challenge to EPA approval of voluntary implementation plan for TMDL).

*Center for Biological Diversity et. al., v. Veneman*, 335 F.3d 849 (9th Cir. 2003) (successful challenge directing consideration of 57 wild and scenic rivers), *amended opinion*, 394 F. 3d 1108 (settlement reached following remand).

(44 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-3, Page 8 of 12
Case 9:15-cv-00054-DLC    Document 92    Filed 09/26/18    Page 44 of 94

*Amigos Bravos v. Norton*, CIV-01-1021-MV-JHG (D. N.M. 2002) (successful settlement requiring removal and reclamation of gravel mining operation on rim of the Rio Grande Gorge).

*Grand Canyon Trust v. FAA*, 290 F. 3d 339 (D.C. Cir. 2002)(successful challenge to agency decision to expand airport near Zion NP)(second chair).

*Center for Biological Diversity v. Andre*, CV-01-1106-WPJ (D. N.M. 2002) (unsuccessful challenge to timber sale, no appeal as sale was cancelled).

*American Rivers, et.al. v. Towns*, CV-01-921-JAT (D. Ariz. 2001) (successful settlement directing plan for Verde Wild and Scenic River, clean up river area, and interim protection).

*Amigos Bravos v. EPA*, 236 F.3d 621 (10th Cir. 2001), *vacated on mootness grounds*, 2001 WL 267206 (March 19, 2001) (successful challenge, eventually results permit for discharges from waste rock).

*New Mexico Cattle Growers Assoc. et al. v. U.S. Fish and Wildlife Service, et al. and Defenders of Wildlife et al.*,Civ. No. 98-0367 (D.N.M. Oct. 28, 1999) (successful defense of Mexican wolf reintroduction program).

6.    I am currently litigating and/or developing ten additional environmental law matters (all in federal court).

7.    I am currently a member in good standing and admitted to practice in Montana, New Mexico, and Oregon (inactive status). I am also admitted to practice before the United States District Court for the Districts of Montana, Washington D.C. (pro hac vice), Arizona (pro hac vice), Colorado, and New Mexico, and admitted to practice before the United States Court of Appeals for the Ninth, Tenth, and

D.C. Circuits.

8.    I have spoken at numerous seminars that qualify as
      Continuing Legal Education (CLE) for attorneys. I typically
      speak on at least one or two panels every year at the Public
      Interest Environmental Law Conference at the University of
      Oregon School of Law in Eugene, Oregon. I also spoke at the
      Seminar Group's Endangered Species Act conference in
      Seattle, Washington in 2015 and at the Seminar Group's
      Montana Water Law conference in Helena in 2010. I have
      also testified as a legal expert on the Clean Water Act at a
      State of New Mexico Water Quality Control Commission
      hearing.

9.    Through my legal experience in law school and in my nearly
      twenty years of experience, I have personally prepared and
      litigated attorney fee applications in the federal courts. In
      litigating fee applications, I have become personally familiar
      with the common billing practices and procedures utilized by
      many law firms both in Montana and elsewhere. I have also
      conducted research in an effort to understand billing
      practices and procedures. I have also discussed billing
      practices with law firms. I have personally received fee
      awards for work in U.S. District Courts and U.S. Courts of
      Appeal.

10.   As a result of litigating cases that arise under federal
      environmental statutes, I have become knowledgeable of the
      expertise required to prosecute such cases successfully and
      the availability of counsel in Montana and the Ninth Circuit
      who possess the special expertise in litigating such cases.

11.   Based on my experience, environmental litigation in an
      identifiable practice specialty that requires distinctive
      knowledge of pertinent statutes, complex regulatory
      schemes, scientific principles, and industrial operations.

12.  I am familiar with the issues raised in this case, and the skill and time it takes to successfully prosecute a case like this.  Plaintiffs' success required the participation of counsel possessing special expertise in federal environmental law.

13.  I am personally familiar with the expertise, experience, and reputations of Tim Bechtold and Rebecca Smith.   They are both experienced litigators of cases arising under federal environmental law, and they are among a small class of specialists in this type of litigation.

14.  The availability of attorneys in the District of Montana and the Ninth Circuit who possess sufficient skill and expertise in federal environmental litigation to prosecute competently a case such as this is limited.

15.  The availability of such attorneys in the District of Montana and the Ninth Circuit who are willing to accept cases on behalf of environmental protection organizations is especially limited.

16.  I understand that for the years in which this case was litigated, the EAJA statutory rate, adjusted for cost of living increases, in the Ninth Circuit was $190.28 for work performed in 2015, $192.68 for work performed in 2016, $196.79 for work performed in 2017, and $200.78 for work performed in the first half of 2018. Based on my knowledge of availability of competent counsel, no such counsel were available to Plaintiffs at those rates.

17.  Competent counsel for this case and similar cases based on federal environmental laws must be drawn from among a small class of specialists who are available only at hourly rates that substantially exceed the capped rates ordinarily available under EAJA.

18.  In my opinion, the number of hours expended on this case is eminently reasonable and not excessive.

19.   Additionally, in my opinion, the rates requested are
      reasonable.

20.   Furthermore, the rates requested by Mr. Bechtold and Ms.
      Smith for work on the merits reflect a modest $25 increase
      per year as approved by the Ninth Circuit Appellate
      Commissioner in *Pollinator Stewardship*.  The last court
      order setting a district court rate for Bechtold and Smith
      was *Alliance for Wild Rockies v. Krueger*, 2014 WL 46498 *5
      (D. Mont. 2014)(awarding $230/hour for Smith for work
      performed in district court in 2013 and $290/hour for
      Bechtold for work performed in district court in 2013).  In
      line with this order, Bechtold's rate in 2014 was $315, in
      2015 was $340, in 2016 was $365, in 2017 was $390, and in
      2018 was $415.  In line with this order, Smith's rate in 2014
      was $255, in 2015 was $280, in 2016 was $305, in 2017 was
      $330, and in 2018 was $355.  Furthermore, in line with
      *Pollinator Stewardship*, Bechtold and Smith have requested
      only the adjusted EAJA rate of $200.78 for their work on this
      fee petition.  Additionally, they only ask for the adjusted
      EAJA rate of $190.06 for the work of first-year attorney
      Talasi Brooks for record review and complaint preparation
      in 2014.  In my professional opinion, these are reasonable
      rates for lawyers with their levels of skill, expertise, and
      reputation in the community.  My opinion pertains to district
      court rates in the District of Montana only and I do not state
      any opinion regarding appellate court rates in the Ninth
      Circuit.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated this 18th Day of September, 2018



Matthew Bishop

(49 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-4, Page 1 of 3
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 49 of 94

No. 16-35589

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and
LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

DECLARATION OF MICHAEL GARRITY

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

I, Michael Garrity, declare as follows:

1. I make this declaration in support of Appellants' Motion for Attorney Fees and Other Expenses, and I make these statements based on personal knowledge. I am competent to testify to the matters stated herein.

2. I am the Executive Director of the Alliance for the Wild Rockies (Alliance). The Alliance is a 501(c)(3) tax-exempt organization incorporated in Montana. Now and at the time of filing of this civil action, the Alliance had a net worth of less than $7,000,000 and had fewer than 500 employees.

3. I am familiar with public interest litigation. The Alliance has been a party to many successful lawsuits against public land management agencies.

4. There is a very limited pool of qualified Montana attorneys, as well as a very limited pool of attorneys that litigate cases in the Northwest, who are willing and experienced enough to undertake litigation against federal agencies such as the U.S. Forest Service and prevail.

5. We were very fortunate that Rebecca Smith and Tim Bechtold were available and willing to help us. They are both considered by the non-profit environmental community to be specialists with distinctive skills in environmental law.  They have a reputation for solid, high-quality environmental plaintiffs' work, and their services are highly sought after.  I often have to seek their services and "get in line" months or even years in

advance to ensure that they will be available to take on cases for our organization.

6. We could not have participated as a plaintiff in this case without their services; their expertise was necessary for successful resolution of this case.

7. Ms. Smith and Mr. Bechtold provided the Alliance with high-quality legal representation that was not otherwise available to us at statutory rates and could not have been provided by other attorneys.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this _20th_ Day of September, 2018.


_Michael Garrity_

Michael Garrity
Executive Director
Alliance for the Wild Rockies

No. 16-35589

_____

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and
LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

_____

DECLARATION OF DANA JOHNSON

_____

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

I, Dana M. Johnson, hereby declare the following:

1.      I make this declaration in support of the petition for attorney fees and other expenses filed by Plaintiff-Appellant Alliance for the Wild Rockies (hereinafter "AWR") in this case.  I have reviewed the case docket reports, the parties' briefing, the District Court orders, the Ninth Circuit order granting AWR's renewed motion for an injunction pending appeal, the Ninth Circuit order granting in part and denying in part Appellees' motion to modify the order for injunctive relief, and the Ninth Circuit opinions granting AWR's motion for judicial notice, vacating the District Court's Endangered Species Act Section 7 reconsultation ruling as moot, and reversing the District Court's denial of AWR's motion for summary judgment on its National Forest Management Act Motorized Vehicle Access Amendments claim.  I have also reviewed the time and billing logs of AWR's counsel.  It is my opinion that the hours spent and rates sought by AWR are reasonable and proper.

2.      I am an attorney licensed to practice in the State of Idaho (admitted in 2010), the United States District Court for the District of Idaho (admitted in 2010), the State of Montana (admitted in 2016), the United States District Court for the District of Montana (admitted in 2016), and the United States Court of Appeals for the Ninth Circuit (admitted in 2012).  Prior to my

admission to the State Bar of Montana, I appeared *pro hac vice* before the

United States District Court for the District of Montana on multiple

occasions, and I have also appeared *pro hac vice* before the United States

District Courts of Utah, Minnesota, and the Western District of Washington.

3.       I received a B.A. with honors in writing from Boise State University,

and I received a J.D. from the University of Idaho College of Law in 2009

with a course-load and upper division emphasis in environmental and

wildlife law.  I was admitted to the Idaho State Bar in 2010 and, while also

working part-time as a staff attorney for Idaho Legal Aid Services, Inc. and

as a public defender on the Nez Perce Reservation, I immediately

established a public interest practice and caseload focusing on environmental

litigation.  While I enjoyed my public interest work with Idaho Legal Aid

Services and with the Nez Perce Tribe, I transitioned into practicing, almost

exclusively, environmental litigation.  Currently, in addition to my private

environmental law practice, I work as a staff attorney for Montana-based

Wilderness Watch, Inc. with an emphasis on Wilderness Act, National

Forest Management Act ("NFMA"), and National Environmental Policy Act

("NEPA") litigation.

4.       I have provided Continuing Legal Education trainings and other

presentations on federal environmental law topics—including Endangered

Species Act ("ESA"), Wilderness Act, and general public interest practice topics—at University of Oregon's Public Interest Environmental Law Conference as well as other venues in Idaho, and I provide ongoing educational support and trainings to regional environmental groups and student groups.

5.      I specialize in environmental litigation.  My current caseload includes environmental lawsuits involving management of federal public land and wildlife.  I have successfully represented public interest environmental clients in several environmental law matters involving federal agency violations of the ESA, NEPA, NFMA, and the Wilderness Act.  This representation includes the following federal cases: *Alliance for the Wild Rockies v. McNair*, No. 2:10-cv-504-EJL (D. Id. 2010) (lead counsel; project withdrawn by agency after Plaintiffs filed suit under the ESA, NEPA, and NFMA); *Native Ecosystems Council v. U.S. Forest Serv.*, 866 F. Supp. 2d 1209 (D. Id. 2012) (lead counsel; obtained order enjoining project and requiring the Forest Service and Fish and Wildlife Service to comply with the ESA and NEPA in forest-wide lynx habitat mapping and in project-level analysis); *Alliance for the Wild Rockies v. Krueger*, No. 9:12-cv-158-DLC-JCL (D. Mt. 2012) (lead counsel; project withdrawn by agency after Plaintiffs filed suit under NEPA); *Alliance for the Wild Rockies v. Krueger*,

950 F. Supp. 2d 1196 (D. Mont. 2013) (lead counsel; obtained order

enjoining projects and requiring agencies to reinitiate consultation on the

Northern Rockies Lynx Management Direction), *aff'd*, No. 14-35069 (9th

Cir. 2016); *Friends of the Clearwater v. U.S. Forest Serv.*, No. 3:13-cv-515-

EJL (D. Id. 2015) (local counsel; obtained order remanding Clearwater

National Forest Travel Plan to agency based on violations of NFMA and the

Travel Management Rule); *Wilderness Watch v. U.S. Forest Serv.*, No. 9:15-

cv-28-DLC (D. Mt. 2015) (lead counsel; reached settlement with the Forest

Service for full production of documents under the Freedom of Information

Act regarding special use permit administration in the Emigrant Wilderness);

*Wilderness Watch v. U.S. Bureau of Land Mgmt.*, No 9:17-cv-28-DWM (D.

Mt. 2017) (lead counsel, reached settlement with the Bureau of Land

Management for full production of documents under the Freedom of

Information Act regarding grazing allotment permitting in designated

wilderness); *American Wild Horse Preservation Campaign v. Zinke*, No.

1:16-cv-1-EJL (D. Id. 2017) (local counsel, obtained order finding the

Bureau of Land Management in violation of NEPA and the APA);

*Wilderness Watch v. Vilsack*, 229 F. Supp. 3d 1170 (D. Id. 2017) (local

counsel; obtained order finding the Forest Service in violation of NEPA and

the Wilderness Act, finding the State of Idaho in violation of federal

(57 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-5, Page 6 of 13
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 57 of 94

permitting, and enjoining various activities), *appeal docketed*, No. 17-35878
(9th Cir. Oct. 27, 2017).

6.      As a result of litigating cases that arise under federal environmental
statutes, I know the level of expertise and time required to litigate such cases
successfully, and I am familiar with rates charged by environmental
attorneys.  I have litigated fee requests, negotiated fee settlements, discussed
fees with other environmental practitioners, provided and obtained expert
fee declarations, and studied fee opinions and surveys.

7.      I am familiar with the issues raised in this case and the specialized
skill and time it takes to successfully prosecute a case like this.  Based on
my experience, environmental litigation is an identifiable practice specialty
that requires distinctive knowledge of pertinent statutes, complex regulatory
schemes, scientific principles, and industrial operations.  AWR's success in
this case required the participation of counsel possessing special expertise in
federal environmental law, as well as counsel willing to litigate often highly
politicized public lands litigation.  AWR challenged agency action and
inaction relating to the East Reservoir Project on the Kootenai National
Forest in northwest Montana and the Northern Rockies Lynx Management
Direction ("Lynx Amendment") alleging violations of federal environmental
statutes.  Through this challenge, AWR sought to enjoin, among other

things, over 8,845 acres of commercial logging, 5,775 acres of

precommercial thinning, 4,257 acres of burning, 15 miles of new road

construction and reopening of roads that had been previously restricted, and

the reclassification of over 27 miles of roads from "decommissioned" to

"existing."   AWR challenged these agency authorizations in an effort to

protect important habitat for the Canada lynx and the highly imperiled

Cabinet-Yaak grizzly bear, ESA-listed species sensitive to roads and

logging, and to ensure compliance with federal environmental laws.

Specialized knowledge of environmental statutes, regulations, recovery

plans for these species, forest plans, and scientific studies was necessary to

obtain such an injunction.

8.     I am personally familiar with the expertise, experience, and

reputations of Rebecca Smith and Tim Bechtold.  They have exemplary

reputations in the public interest environmental community and are regularly

sought-out for their environmental litigation expertise.  I have worked with

Ms. Smith and Mr. Bechtold on multiple environmental cases.  They are

both experienced litigators of cases arising under federal environmental law,

and they are among a small class of specialists in this type of litigation, and

an even smaller class willing and qualified to litigate federal public lands

issues in Montana.  The availability of attorneys in the District of Montana

who possess sufficient expertise in federal environmental litigation to prosecute competently a case such as this, and who are willing to accept cases on behalf of environmental protection organizations, is especially limited. I know from personal experience that environmental protection organizations are often forced to seek counsel from out-of-state due to the limited availability of qualified counsel within Montana.

9.     I have reviewed AWR's counsels' timesheets, updated as of September 10, 2018. In my professional opinion and experience, the number of hours expended on this case is reasonable, appropriate, and consistent with hours spent on similar matters by experienced practitioners in other cases. *See, e.g., ONDA v. Tidwell*, No. 07-1871-HA, 2013 WL 3348428, at *5 (D. Or. July 2, 2013) (awarding full award for 359.4 hours spent on summary judgment phase alone); *see* Second Dec. of Suzanne Taylor, *ONDA v. Tidwell*, No. 07-1871 HA, ¶ 7 (d)-(f) (Dkt # 675) (calculating time spent on summary judgment alone); *Native Fish Society v. Nat'l Marine Fisheries Serv. [NMFS]*, No. 12-431-HA, 2014 WL 7331039, *3 (D. Or. Dec. 19, 2014) (finding reasonable 259 hours for summary judgment briefing and 183 hours of fee petition briefing—104.6 hours to prepare a fee petition and supporting materials and 78.6 hours to prepare a reply brief and additional supporting materials); *see* Joint Dec. of David B.

Markowitz & Lawson E. Fite, *Native Fish Society v. NMFS*, No. 12-431-HA, at ¶ 20 (Dkt # 324); *Native Fish Society v. NMFS*, No. 12-431-HA, Opinion & Order (Dkt # 331); Second Dec. of David H. Becker, *Native Fish Society v. NMFS*, No. 12-431-HA, Ex. B at 39–42 (Dkt # 306); Third Dec. of David H. Becker, *Native Fish Society v. NMFS*, No. 12-431-HA, Ex. F at 1–6 (Dkt # 329); *Ctr. for Biol. Diversity v. Bureau of Land Mgmt.*, No. C 06–4884 SI, 2011 WL 6092453, at *1–*2 (N.D. Cal. Dec. 7, 2011) (finding reasonable 630 hours for summary judgment briefing and more than 500 hours for remedy briefing).  AWR's attorneys expended reasonable hours in this case engaged in normal and justified tasks—including full summary judgment briefing before the District Court and the Ninth Circuit, injunction briefing before the District Court and the Ninth Circuit as well as additional briefing to defend the awarded injunction, separate briefing to secure vacatur of the District Court's reconsultation ruling, and supplemental briefing at the request of the Ninth Circuit—and AWR's attorneys' timesheets "list[] and identif[y] the general subject matter of [their] time expenditures" as required.  *Fischer v. SJB P.D. Inc.*, 214 F.3d 1115, 1121 (9th Cir. 2000); *see also Hensley v. Eckerhart*, 461 U.S. 424, 437 n.12 (1983).

10.     Further, I do not view Mr. Bechtold's and Ms. Smith's time entries as unnecessarily duplicative tasks.  As a solo practitioner without the benefit of

large-firm resources, I am aware of how important it is to confer with other

counsel and jointly review and edit briefing.  In complex environmental

litigation, having the input of another experienced attorney on substantive

legal, factual, and strategic issues is necessary to locate and distill pertinent

facts within a voluminous administrative record, identify difficult questions

in the case that need to be answered, identify weak points that need to be

bolstered, and ensure ultimate success in the case.  Ms. Smith and Mr.

Bechtold's time logs demonstrate conscientious and efficient effort in this

regard.

11.     In my professional opinion, AWR is entitled to a full fee award for all

hours reasonably expended in this case.  AWR advanced several related

claims to achieve their ultimate goal– enjoining the East Reservoir Project

and ensuring full compliance with procedural and substantive mandates of

environmental statutes enacted to protect wildlife species and their habitat.

AWR obtained excellent results, including a declaration from the Ninth

Circuit that "[t]he Forest Service's analysis was plainly insufficient,"

remanding the challenged decision to the Forest Service to compel

compliance with environmental laws, and vacatur of the District Court's

ruling regarding AWR's lynx reconsultation claim because "[m]ootness was

… caused by the Federal Defendants who rendered the claim moot by

providing the relief requested by [AWR]." Accordingly, a full award for the time reasonably spent on all claims is appropriate in this case. *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983).

12.    I am familiar with the common billing practices and procedures utilized by environmental lawyers in Montana and elsewhere. I understand that for the years in which this case was litigated, the EAJA statutory rate, adjusted for cost of living increases, in the Ninth Circuit was $190.06 for work performed in 2014, $190.28 for work performed in 2015, $192.68 for work performed in 2016, $196.79 for work performed in 2017, and $200.78 for work performed in the first half of 2018. Based on my knowledge of availability of competent counsel, no such counsel were available to AWR at those rates.

13.    In my professional opinion, the rates requested here are reasonable. The rates requested by Ms. Smith and Mr. Bechtold reflect a modest increase each year (reflecting both cost of living increases as well as additional expertise adjustment) above the rates set by the Ninth Circuit Appellate Commissioner for them in *Hapner v, Tidwell*, No. 09-35896 (9th Cir. May 22, 2012), ECF No. 60. For work completed in 2009 and 2010, the Commissioner awarded an appellate rate of $225/hour to Smith for work performed in 2009/2010, and awarded an appellate rate of $350/hour to

Bechtold for work performed in 2009/2010.  The District of Montana has awarded similar rates for Mr. Bechtold and Ms. Smith.  *See Native Ecosystems Council v. Weldon*, 921 F. Supp. 2d 1069, 1072 (D. Mont. 2013) (awarding $220/hour for Smith for work performed in district court in 2012 and $280/hour for Bechtold for work performed in district court 2012); *Alliance for Wild Rockies v. Krueger*, 2014 WL 46498 *5 (D. Mont. 2014) (awarding $230/hour for Smith for work performed in district court in 2013 and $290/hour for Bechtold for work performed in district court in 2013).

14.    Based on the foregoing, it is my opinion that Ms. Smith and Mr. Bechtold possess distinctive knowledge and skills in the practice specialty of environmental law, that Ms. Smith's and Mr. Bechtold's knowledge and skills were necessary to litigate this case successfully, and that attorneys with such distinctive skills were not available at the EAJA statutory rate. Accordingly, whether fees are awarded under the ESA or EAJA, the rates requested by Ms. Smith and Mr. Bechtold are reasonable and reflect rates previously awarded to these same attorneys for similar work in Montana and the U.S. Court of Appeals for the Ninth Circuit.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct.

(64 of 94)

Case: 16-35588, 09/21/2018, ID: 11020718, DktEntry: 101-5, Page 13 of 13
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 64 of 94

Dated this 10th day of September, 2018.

Dana M. Johnson
Law Office of Dana Johnson, PLLC
P.O. Box 9623
Moscow, ID 83843
208-310-7003
johnsondanam@gmail.com

(65 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-6, Page 1 of 8
Case 9:15-cv-00054-DLC Document 92 Filed 09/26/18 Page 65 of 94

No. 16-35589

---

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

---

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and

LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

---

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

---

DECLARATION OF PAUL KAMPMEIER

---

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

I, Paul Kampmeier, hereby state the following:

1.      My name is Paul Kampmeier and I live on Vashon Island in Washington State. I have been licensed to practice law in the State of Washington since 2001. My Washington State Bar Association number is 31560.

2.      I am employed by my law firm, Kampmeier & Knutsen PLLC, and I have my law office in downtown Seattle, Washington. I submit this declaration in support of Alliance for the Wild Rockies' fee petition in the above-captioned case. I make this declaration based on personal knowledge and I am competent to testify to the matters contained herein if necessary.

3.      I received a Bachelor of Arts degree from the University of Michigan (Ann Arbor) in 1992 (with Honors) and received my Juris Doctor degree from the University of Washington School of Law in 2001 (with Honors, Order of the Coif). During law school I completed the Concentration in Environmental Law.

4.      I have been licensed to practice law in the state courts of the State of Washington since 2001. I am also a member of the Supreme Court of the United States (admitted 2011); the U.S. Court of Appeals for the Ninth Circuit (admitted 2002); the U.S. District Court for the Eastern District of Washington (admitted 2002); and the U.S. District Court for the

Western District of Washington (admitted 2001). I am a member in good standing of each court to which I have been admitted.

5.      Since admission to the bar in 2001 I have focused my legal practice on enforcing state and federal environmental laws in court. Because my clients often need assistance obtaining public records from federal agencies, I also represent them in Freedom of Information Act cases when requested. My current practice focuses on federal environmental litigation under the Endangered Species Act, the Clean Water Act, the Administrative Procedure Act, the Freedom of Information Act, and federal coastal zone laws.

6.      I have often lectured on environmental litigation at the University of Washington School of Law and the Seattle University School of Law. I also have lectured at Lewis and Clark Law School in Portland, Oregon; Stanford Law School; Harvard Law School; and at Continuing Legal Education seminars in Oregon and Washington.

7.      I have obtained or helped to obtain numerous published decisions for my clients. *See Olympic Forest Coal. v. Coast Seafoods Co.*, No. C16-5068RBL, 2016 U.S. Dist. LEXIS 72919 (W.D. Wash. June 3, 2016), affirmed *Olympic Forest Coal. v. Coast Seafoods Co.*, 884 F.3d 901 (9th Cir. 2018); *Nw. Envtl. Advocates v. United States DOC*, 283 F. Supp. 3d

982 (W.D. Wash. 2017); *Nw. Envtl. Advocates v. United States DOC*, No.
C16-1866-JCC, 2017 U.S. Dist. LEXIS 185295 (W.D. Wash. Nov. 8, 2017);
*Ctr. for Envtl. Law & Policy v. United States Fish & Wildlife Serv.*, 228 F.
Supp. 3d 1152 (E.D. Wash. 2017); *Klamath-Siskiyou Wildlands Ctr. v. Nat'l
Oceanic & Atmospheric Admin.*, 99 F. Supp. 3d 1033 (N.D. Cal. 2015);
*Klamath-Siskiyou Wildlands Ctr. v. Nat'l Oceanic & Atmospheric Admin.
Nat'l Marine Fisheries Serv.*, 109 F. Supp. 3d 1238 (N.D. Cal. 2015); *Nw.
Envtl. Def. Ctr. v. Decker*, 728 F.3d 1085 (9th Cir. 2013); *Sierra Club v.
Salazar*, 961 F. Supp. 2d 1172 (W.D. Wash. 2013); *Audubon Soc'y of
Portland v. United States Nat. Res. Conservation Serv.*, 841 F. Supp. 2d
1182 (D. Or. 2012); *Carpenters Industrial Council v. Salazar*, 734
F.Supp.2d 126 (D.D.C. 2010); *Seattle Audubon Soc'y v. Sutherland*, No.
CV06-1608MJP, 2007 U.S. Dist. LEXIS 31880 (W.D. Wash. May 2, 2007);
*Seattle Audubon Soc'y v. Sutherland*, No. C06-1608MJP, 2007 U.S. Dist.
LEXIS 55940 (W.D. Wash. Aug. 1, 2007); *Satsop Valley Homeowners
Association v. Northwest Rock*, 126 Wash. App. 536, 108 P.3d 1247 (Div. II
2005); *Weber v. P&D Development*, 122 Wash. App. 1028 (Div. II 2004).

8.     As a result of litigating cases that arise under federal
environmental statutes, I have become knowledgeable of: (a) the expertise
required to prosecute such cases successfully; (b) the availability of counsel

in the Pacific Northwest and the Ninth Circuit who possess the special

expertise in litigating such cases; and (c) the prevailing market rates for

counsel who possess such special expertise.

9. Based on my experience in practicing law, environmental

litigation is an identifiable practice specialty that requires distinctive

knowledge of pertinent statutes, complex regulatory schemes, case law,

scientific principles, and industrial operations.

10. I have reviewed Plaintiff's-Appellant's October 28, 2016

Opening Brief; some of the other briefing presented to the court of appeals

in this case; the Court of Appeals' July 26, 2018 order in this matter; and

related orders issued in this case. It is evident to me that successful

prosecution of this case absolutely required the participation of counsel

possessing special expertise in federal environmental litigation.

11. The availability of attorneys in the Seattle area who have

expertise in federal environmental law and are willing to accept cases on

behalf of environmental protection organizations, rather than regulated

entities, is very limited. Furthermore, the few attorneys in the Seattle area

who have the requisite expertise tend to be very busy, so that environmental

organizations looking for litigation counsel are often unable to litigate cases

that they otherwise would, and for those cases that do go forward they are

(70 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-6, Page 6 of 8
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 70 of 94

often forced to hire attorneys from other locations.

12.     Both in my capacity as a lawyer who routinely represents non-profit environmental organizations, and in my capacity as a past or present volunteer for organizations like the Washington Environmental Council, Puget Soundkeeper Alliance, and the Olympic Forest Coalition, I have regularly witnessed non-profit environmental organizations being unable to pursue cases they wish to pursue because they cannot find attorneys with the requisite expertise who also have time to take on the case. Similarly, in my past capacity as an attorney at the Washington Forest Law Center, where I worked for more than a decade, I often had to inform potential clients that I could not take their case because I did not have the time. Because of the unavailability of environmental attorneys in the Seattle area, I often refer these potential clients to lawyers in other cities.

13.     I have reviewed draft declarations by Mr. Timothy Bechtold and Ms. Rebecca Smith, which are to be submitted in support of their petition for costs and attorneys fees, and which summarize their respective educations, experience, and expertise in environmental law and litigation. Based on my review of those declarations, and based on my experience litigating federal environmental cases in both U.S. District Courts and the U.S Court of Appeals for the Ninth Circuit, I am of the opinion that the

(71 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-6, Page 7 of 8
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 71 of 94

hourly rates of $500 in 2016, $525 in 2017, and $550 in 2018 that the
Alliance for the Wild Rockies seeks for the work of Timothy Bechtold, and
the hourly rates of $375 in 2016, $400 in 2017, and $425 in 2018 that the
Alliance for the Wild Rockies seeks for the work of Rebecca Smith, are
reasonable and within the prevailing market rates in the Seattle area for
services at the circuit court level in litigation arising under federal
environmental statutes for attorneys of equivalent specialized expertise and
years of experience.

14.    In addition to my experience litigating cases in district courts in
Seattle and in the U.S. Court of Appeals for the Ninth Circuit, I reviewed a
court order on reasonable appellate fee rates for Tim Bechtold and Rebecca
Smith that the Appellate Commissioner issued in 2012 for attorneys' fees
incurred by them in 2009-2010. *See Hapner v. Tidwell*, 9th Cir. 09-35896,
Order of Appellate Commissioner, Docket Entry 60 (May 22, 2012). The
hourly rates established by that order, and my opinion that an annual $25 per
hour increase in hourly rates is normal practice in Seattle and results in a
reasonable hourly rate for federal environmental litigation, confirms and
substantiates my opinion that the hourly rates for Mr. Bechtold and Ms.
Smith identified in this declaration are reasonable and within the range of
reasonable hourly rates charged in this forum for the kind of work

performed.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

Dated this 17th day of September, 2018, at Vashon, Washington.

_____

Paul Kampmeier

(73 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-7, Page 1 of 6
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 73 of 94

No. 16-35589

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and

LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

DECLARATION OF RICHARD A. SMITH

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

(74 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-7, Page 2 of 6
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 74 of 94

I, Richard A. Smith, hereby declare the following:

1. My name is Richard A. Smith. My current office address is Smith & Lowney, PLLC, 2317 E. John St., Seattle, WA 98112.

2. I am licensed to practice law in Washington, where I have practiced law for the past 25 years. My Washington State Bar Association number is 21788.

3. My practice includes litigation arising under federal environmental statutes, including the Clean Water Act (CWA); National Environmental Policy Act (NEPA); Administrative Procedures Act (APA); and the Clean Air Act (CAA). Over the past ten years, based on information provided to me by a newspaper reporter, I have been counsel of record in more cases deemed "environmental matters" in the Western District of Washington than any other single attorney. As a reflection of my expertise, I am frequently invited to speak at CLE conferences and have made presentations to annual meetings of the Washington Department of Ecology Water Quality Section on environmental law topics. I am routinely compensated at the rate of $500/hr. and have received compensation at this rate in a settlement negotiated with the United States Department of Justice under environmental fee-shifting statutes.

(75 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-7, Page 3 of 6
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 75 of 94

4. As a result of litigating cases that arise under federal environmental statutes, I have become knowledgeable of (a) the expertise required to prosecute such cases successfully, (b) the availability of counsel in the Pacific Northwest and the Ninth Circuit who possess the special expertise in litigating such cases, and (c) the prevailing market rates for counsel who possess such special expertise.

5. Based on my experience in practicing law, environmental litigation is an identifiable practice specialty that requires distinctive knowledge of pertinent statutes, complex regulatory schemes, case law, scientific principles, and industrial operations.

6. During my practice of law, I have become familiar with the professional skills and reputation of Timothy Bechtold, and he is an experienced litigator of cases arising under federal environmental statutes, and he is among a small class of specialists in that type of litigation. In addition, I have reviewed the Declaration and briefing prepared by Timothy Bechtold for this matter.

7. I have also become familiar with the professional skills and reputation of Rebecca Smith, and she, too, is a talented litigator of cases arising under federal environmental statutes, and is among a small class of specialists in that type of litigation. I have reviewed the Declaration

and briefing prepared by Rebecca Smith for this matter.

8. I have read the briefing and decisions in this matter and have become familiar with the issues in this matter.

9. Successful prosecution of this case required the participation of counsel who possess the sort of special expertise in federal environmental litigation that Timothy Bechtold and Rebecca Smith have acquired.

10. The availability of attorneys in the District of Montana and the Ninth Circuit who possess sufficient expertise in federal environmental litigation to prosecute competently a case such as this is limited.

11. The availability of such attorneys in the District of Montana and the Ninth Circuit who are willing to accept cases on behalf of environmental protection organizations rather than regulated entities is especially limited.

12. I understand that for the years in which this case was litigated, the statutorily capped rates ordinarily available under the Equal Access to Justice Act ("EAJA"), after upward adjustment for cost of living increases, in the Ninth Circuit were $190.28 for work performed in 2015, $192.68 for work performed in 2016, $196.79 for work performed in 2017, and $200.78 for work performed in the first half of

2018.

13. Based upon my knowledge of the market for legal services in the Seattle area and the Ninth Circuit, no attorney who possesses the requisite expertise to handle federal environmental litigation similar to this case was available to the Alliance for the Wild Rockies at the capped rates or less.

14. Competent counsel for this case and similar cases based on federal environmental laws must be drawn from among a small class of specialists who are available only at hourly rates that substantially exceed the capped rates ordinarily available under EAJA.

15. I have consulted with other experienced counsel in the Seattle area concerning the billing rates for attorneys with the specialized expertise of Timothy Bechtold and Rebecca Smith. Rates for experienced environmental litigators in the Seattle area currently fall mostly within the range of $425 to $625 per hour. The hourly rate of $500 in 2016, $525 in 2017, and $550 in 2018 that the Alliance for the Wild Rockies claims for the work of Timothy Bechtold, and the hourly rate of $375 in 2016, $400 in 2017, and $425 in 2018 for the work of Rebecca Smith at the circuit court level are within the prevailing market rates in the Seattle area for services in litigation arising under federal

(78 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-7, Page 6 of 6
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 78 of 94

environmental statutes for attorneys of equivalent specialized

expertise and years of experience.

16. I have reviewed the time statements of Timothy Bechtold and

Rebecca Smith in this matter, and the time they expended on the case

was reasonable and not excessive.

Pursuant to 28 U.S.C. 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated this 17 Day of September, 2018, at Seattle, Washington.

Richard A. Smith

(79 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-8, Page 1 of 16
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 79 of 94

No. 16-35589

_____

IN THE UNITED STATES CIRCUIT COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

ALLIANCE FOR THE WILD ROCKIES,
Plaintiff-Appellant,

v.

CHRISTOPHER SAVAGE, et al.,
Defendants-Appellees,

and
LINCOLN COUNTY, et al.,
Intervenor-Defendants-Appellees

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA

_____

DECLARATION OF REBECCA K. SMITH

_____

REBECCA K. SMITH
Public Interest Defense Center
PO Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

TIMOTHY M. BECHTOLD
Bechtold Law Firm
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Appellant

(80 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-8, Page 2 of 16
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 80 of 94

I, Rebecca K. Smith, declare as follows:

1.      I am an attorney licensed to practice law in state and federal courts in Montana and Idaho, as well as before the Ninth Circuit Court of Appeals.  I have been a member of the State Bar of Montana since October 7, 2008.  I was admitted to the State Bar of Idaho in April 2010.

2.      I obtained my law degree in 2008 from the University of Montana School of Law in Missoula, Montana.  I graduated with high honors as Class Valedictorian, and received a Certificate in Environmental and Natural Resources Law.  While in law school I served two years, first as a staff member and then as an editor, on the Public Land & Resources Law Review and was a member of the National Moot Court team.  In law school, I also published three law review articles on environmental policy issues.

3.      In 2008, I also received my master's degree – Masters of Science in Environmental Studies – from the University of Montana Graduate School. My professional graduate portfolio focused on environmental issues in the Northern Rockies.

4.      My law practice is primarily focused on public interest environmental litigation.  I have worked on dozens of cases involving federal environmental law.  I have secured successful rulings for my clients in numerous cases in Montana, Idaho, and before the Ninth Circuit.  *See e.g. Alliance for the Wild Rockies v. Bradford*,

720 F.Supp.2d 1193 (D. Mont. 2010); *The Lands Council v. Cottrell*, 731

F.Supp.2d 1074 (D. Id. 2010); *Hapner v. Tidwell*, 621 F.3d 1239 (9th Cir. 2010);

*Native Ecosystems Council v Weldon*, 848 F.Supp.2d 1207 (D. Mont. 2012); *Native*

*Ecosystems Council v. Krueger*, 946 F.Supp.2d 1060 (D. Mont. 2013); *Alliance for*

*the Wild Rockies v. Krueger*, 950 F.Supp.2d 1172 (D. Mont. 2013); *Swan View*

*Coalition v. Weber*, 52 F.Supp.3d 1133 (D. Mont. 2014); *Native Ecosystems*

*Council v. Krueger*, 63 F.Supp.3d 1246 (D. Mont. 2014); *Alliance for the Wild*

*Rockies v. U.S. Dept. of Agriculture*, 772 F.3d 592 (9th Cir. 2014); *Alliance for the*

*Wild Rockies v. Marten*, 200 F. Supp. 3d. 1110 (D. Mont. 2016); *Alliance for the*

*Wild Rockies v. Christensen*, 663 Fed Appx 515 (9th Cir. 2016); *Alliance for the*

*Wild Rockies v. Marten*, 2016 WL 6901264 (D. Mont. 2016); *Alliance for the Wild*

*Rockies v. Zinke*, 265 F.Supp.3d 1161 (D. Mont. 2017); *Alliance for the Wild*

*Rockies v. Marten*, 253 F.Supp.3d 1108 (D. Mont. 2017); *Alliance for the Wild*

*Rockies v. Marten*, 2018 WL 2943251 (D. Mont. 2018); *Native Ecosystems*

*Council v. Marten*, 2018 WL 3831339 (D. Mont. 2018).

5.      I have presented lectures on federal environmental law for the University of

Montana School of Law's Public Land and Resources Law Review Conference and

Wildlife Law course, the Vermont Law School's Montana Field Study course, and

the University of Oregon's Public Interest Environmental Law Conference.

6.      In 2018, I received the Kerry Rydberg Award for Excellence in Public

Interest Environmental Lawyering from the University of Oregon School of Law -
Public Interest Environmental Law Conference.

7.       I am considered to be a specialist with distinctive skills in federal
environmental law by the non-profit environmental community, and my services are
highly sought after by that community.

8.       In light of my distinctive knowledge and skill, and my reputation and
expertise, my district court rates for work on the merits reflect a modest $25
increase per year as approved by the Ninth Circuit Appellate Commissioner in
*Pollinator Stewardship*.  The last court order setting a district court rate for me was
*Alliance for Wild Rockies v. Krueger*, 2014 WL 46498 *5 (D. Mont.
2014)(awarding $230/hour for work performed in district court in 2013).  In line
with this order, my district court rate in 2014 was $255, in 2015 was $280, in 2016
was $305, in 2017 was $330, and in 2018 was $355. My appellate court rate for
work on the merits also reflects a modest $25 increase per year as approved by the
Ninth Circuit Appellate Commissioner in *Pollinator Stewardship*.  The last court
order on a reasonable appellate fee rate for me in the Seattle, Washington appellate
forum was issued by the Appellate Commissioner in 2012 and addresses fees
incurred in 2009/2010.  The Appellate Commissioner found that my reasonable
appellate rate was $225 for 2010.  *Hapner v. Tidwell*, 9th Cir. 09-35896, Order of
Appellate Commissioner, Docket Entry 60 (May 22, 2012).  In line with this order,

and a reasonable annual increase, my rate in 2011 was $250, in 2012 was $275, in 2013 was $300, in 2014 was $325, in 2015 was $350, in 2016 was $375, in 2017 was $400, and in 2018 was $425.  Furthermore, in line with *Pollinator Stewardship*, I have requested only the adjusted EAJA rate of $200.78 for my work on this fee petition.

9.      I maintain detailed, contemporaneous daily records for each tenth of an hour of work time. These records are broken down by time expended and general purpose of the work.  The daily records of my work accompany this declaration as Attachment A.

10.      In reviewing the daily time records for work performed in connection with this case, I have exercised billing judgment and eliminated categories of time spent on certain activities.  My daily records do not include any unnecessary, redundant, or duplicative hours.

11.      In my opinion, the professional hours detailed in my daily records that I am submitting to the Court were reasonable and necessarily expended for the preparation and successful presentation of this case.  In my opinion, these hours represent time that would properly be charged to a commercial client.  As detailed in Attachment A, and the table below, my total request for fees is for 335.3 hours, and my total fee request, at rates discussed above, is for $113,507.74.

12.      I have maintained records of costs and other expenses incurred in this matter.

4

(84 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-8, Page 6 of 16
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 84 of 94

In the exercise of billing judgment, Appellant does not request reimbursement for costs/other expenses related to Westlaw or PACER research or telephone costs. Appellant also does not seek taxable costs on appeal that would have been submitted in a Ninth Circuit bill of costs.  As detailed in Attachment B to this declaration ($1,842.02) and Exhibit 1 to the Bechtold Declaration ($140.67), Appellant's request for non-taxable costs and district court costs/other expenses is $1,982.69.

13.     Additionally, Appellant utilized the services of first-year attorney Talasi Brooks in this case.  Ms. Brooks graduated from the University of Montana School of Law in 2013.  After law school, Ms. Brooks clerked for Justice Michael E. Wheat at the Montana Supreme Court.  After her clerkship, Appellant retained Ms. Brooks for this case.  Shortly after she began work on this case in Fall 2014, she was hired by the public interest law firm Advocates for the West in Boise, Idaho. As an attorney in her first year of practice when she worked on this case, Brooks' requested rate is the 2014 adjusted EAJA rate of $190.06.   As set forth in Attachment C, Brooks expended 41.6 hours at a rate of $190.06 for a total of $7,906.49.

14.     Finally, Appellant utilized the services of experts for this fee petition.  The total fee for expert witnesses is $3,092.50, as set forth below:

        a.   Fee Expert Dana Johnson expended 4.7 hours at a rate of $275/hour, for a

total fee of <u>$1,292.50</u>;

b.  Fee Expert Paul Kampmeier expended 2.6 hours at a rate of $500/hour, for

a total fee of <u>$1,300.00</u>; and

c.  Fee Expert Rick Smith expended 1 hour at a rate of $500/hour, for a total

fee of <u>$500.00</u>.

15.    The table below includes all fees and non-taxable-on-appeal costs:

| | RATE | HOURS | TOTAL |
|---|---|---|---|
| **Rebecca K. Smith Attorney Fees** | | | |
| 2015 District Court | $280 | 137.6 | $38,528.00 |
| 2016 District Court | $305 | 37.2 | $11,346.00 |
| 2016 Appellate Court | $375 | 74 | $29,970.00 |
| 2017 Appellate Court | $400 | 68.1 | $29,283.00 |
| 2018 Appellate Court | $425 | 2.7 | $1,228.50 |
| 2018 Fee Petition | $200.78 | 15.7 | $3,152.24 |
| | **R.K. Smith Attorney Fees Total** | **335.3** | **$113,507.74** |
| **Timothy Bechtold Attorney Fees** | | | |
| 2014 District Court | $315 | 45.7 | $14,395.50 |
| 2015 District Court | $340 | 76.1 | $25,874.00 |
| 2016 District Court | $365 | 14.9 | $5,438.50 |

(86 of 94)

Case: 16-35589  09/21/2018  ID: 11020718  DktEntry: 101-8  Page 8 of 16
Case 9:15-cv-00054-DLC  Document 92  Filed 09/26/18  Page 86 of 94

| 2016 Appellate Court | $500 | 27.1 | $13,550.00 |
|---|---|---|---|
| 2017 Appellate Court | $525 | 10.2 | $5,355.00 |
| 2018 Appellate Court | $550 | 5.2 | $2,860.00 |
| 2018 Fee Petition | $200.78 | 2.9 | $582.26 |
| | **T.M. Bechtold Attorney Fees Total** | **182.1** | **$68,055.26** |
| **Talasi Brooks Attorney Fees** | | | |
| 2014 District Court | $190.06 | 41.6 | $7,906.49 |
| | **Talasi Brooks Attorney Fees Total** | **41.6** | **$7,906.49** |
| Dana Johnson Expert Fee | $275.00 | 4.7 | $1,292.50 |
| Paul Kampmeier Expert Fee | $500.00 | 2.6 | $1,300.00 |
| Richard A. Smith Expert Fee | $500.00 | 1.0 | $500.00 |
| | **Expert Fees Total** | | **$3,092.50** |
| Non-taxable Costs on Appeal, District Court Costs, and Other Expenses | **Total** | | **$1,982.69** |
| | | **GRAND TOTAL** | **$194,544.68** |
| | | | |

(87 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-8, Page 9 of 16
Case 9:15-cv-00054-DLC   Document 92   Filed 09/26/18   Page 87 of 94

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 21st Day of September, 2018.

/s/Rebecca K. Smith
Rebecca K. Smith
Attorney for Appellant

# ATTACHMENT A

| Alliance for the Wild Rockies v Savage | | | | |
|---|---|---|---|---|
| District Court No. CV-15-54-M-DLC | | | | |
| 9th Cir. No. 16-35589 | | | | |
| East Reservoir Project - Kootenai National Forest | | | | |
| | | | | |
| **District Court Attorney Hours - Rebecca K Smith** | | | | |
| | | | | |
| | | | | |
| DATE | TASK | HOURS | RATE | |
| 2.19.15 | confer with client | 0.1 | 280 | |
| 3.18.15 | confer with client | 0.2 | 280 | |
| 4.13.15 | confer with client | 0.1 | 280 | |
| 4.21.15 | confer with client | 0.1 | 280 | |
| 4.23.15 | complaint | 3.1 | 280 | |
| 4.24.15 | complaint | 4 | 280 | |
| 4.25.15 | confer with client | 0.1 | 280 | |
| 4.27.15 | complaint | 2.1 | 280 | |
| 4.28.15 | complaint | 4.7 | 280 | |
| 4.29.15 | complaint | 4.7 | 280 | |
| 4.30.15 | complaint | 4.3 | 280 | |
| 5.01.15 | complaint | 5.1 | 280 | |
| 5.04.15 | complaint | 2.9 | 280 | |
| 5.05.15 | complaint | 5.7 | 280 | |
| 5.06.15 | complaint | 3.2 | 280 | |
| 5.07.15 | complaint | 2.8 | 280 | |
| 5.08.15 | complaint | 6.7 | 280 | |
| 5.09.15 | complaint | 4.7 | 280 | |
| 5.11.15 | complaint | 1.9 | 280 | |
| 5.12.15 | review ECF filing | 0.2 | 280 | |
| 5.12.15 | confer with client | 0.1 | 280 | |
| 5.13.15 | DOJ email | 0.1 | 280 | |
| 5.13.15 | confer with client | 0.3 | 280 | |
| 5.14.15 | confer with client | 0.1 | 280 | |
| 5.15.15 | confer with client | 0.1 | 280 | |
| 5.18.15 | review ECF filing | 0.1 | 280 | |
| 5.18.15 | DOJ email | 0.1 | 280 | |
| 5.18.15 | confer with client | 0.1 | 280 | |
| 5.20.15 | DOJ emails | 0.1 | 280 | |
| 6.19.15 | DOJ email | 0.1 | 280 | |
| 6.22.15 | DOJ email | 0.1 | 280 | |
| 6.22.15 | review ECF filing | 0.1 | 280 | |
| 6.30.15 | review ECF filing | 0.1 | 280 | |
| 7.27.15 | review answer | 0.4 | 280 | |
| 7.28.15 | DOJ email | 0.1 | 280 | |
| 7.30.15 | DOJ email | 0.1 | 280 | |
| 8.27.15 | review ECF filing | 0.1 | 280 | |
| 9.08.15 | summary judgment | 4.7 | 280 | |
| 9.09.15 | summary judgment | 2.5 | 280 | |
| 9.10.15 | summary judgment | 2.4 | 280 | |
| 9.11.15 | summary judgment | 4.5 | 280 | |
| 9.15.15 | summary judgment | 2 | 280 | |
| 9.15.15 | DOJ email | 0.1 | 280 | |
| 9.17.15 | summary judgment | 4.1 | 280 | |
| 9.18.15 | DOJ email | 0.1 | 280 | |

| | | | | |
|---|---|---|---|---|
| 9.21.15 | summary judgment | | 5.5 | 280 |
| 9.21.15 | DOJ email | | 0.1 | 280 |
| 9.22.15 | summary judgment | | 4.2 | 280 |
| 9.23.15 | summary judgment | | 2.6 | 280 |
| 9.24.15 | summary judgment | | 4.5 | 280 |
| 9.25.15 | summary judgment | | 5.4 | 280 |
| 9.30.15 | summary judgment | | 0.8 | 280 |
| 10.06.15 | summary judgment | | 0.5 | 280 |
| 10.07.15 | confer with client | | 0.1 | 280 |
| 10.08.15 | summary judgment | | 2.1 | 280 |
| 10.09.15 | confer with client | | 0.1 | 280 |
| 11.19.15 | skim ECF filings | | 0.4 | 280 |
| 11.19.15 | DOJ email | | 0.1 | 280 |
| 11.19.15 | confer with client | | 0.3 | 280 |
| 11.30.15 | confer with client | | 0.1 | 280 |
| 12.03.15 | sj reply | | 3.2 | 280 |
| 12.04.15 | sj reply | | 4.3 | 280 |
| 12.09.15 | sj reply | | 3.3 | 280 |
| 12.10.15 | sj reply | | 3.1 | 280 |
| 12.11.15 | sj reply | | 5.6 | 280 |
| 12.14.15 | sj reply | | 3 | 280 |
| 12.14.15 | sj reply - intervenor | | 2.2 | 280 |
| 12.15.15 | sj reply | | 3 | 280 |
| 12.15.15 | sj reply - intervenor | | 0.3 | 280 |
| 12.16.15 | sj reply | | 2.6 | 280 |
| 12.17.15 | sj reply | | 0.6 | 280 |
| 12.17.15 | confer with client | | 0.2 | 280 |
| 12.18.15 | confer with client | | 0.1 | 280 |
| | | **2015 TOTAL HOURS** | **137.6** | **38528** |
| 1.11.16 | confer with client | | 0.1 | 305 |
| 1.12.16 | confer with client | | 0.1 | 305 |
| 1.14.16 | ECF filing | | 0.1 | 305 |
| 2.18.16 | ECF filing | | 0.1 | 305 |
| 2.19.16 | confer with client | | 0.2 | 305 |
| 4.14.16 | prep oral argument | | 4.1 | 305 |
| 4.15.16 | prep oral argument | | 6.3 | 305 |
| 4.16.16 | prep oral argument | | 1.5 | 305 |
| 4.17.16 | prep oral argument | | 3.5 | 305 |
| 4.18.16 | prep oral argument | | 7.6 | 305 |
| 4.19.16 | prep oral argument | | 1.5 | 305 |
| 4.19.16 | prep oral argument | | 2.5 | 305 |
| 5.03.16 | DOJ email | | 0.1 | 305 |
| 5.05.16 | email DOJ | | 0.1 | 305 |
| 5.06.16 | DOJ emails | | 0.1 | 305 |
| 5.09.16 | DOJ emall | | 0.1 | 305 |
| 5.23.16 | DOJ email | | 0.1 | 305 |
| 5.24.16 | DOJ email | | 0.1 | 305 |
| 5.26.16 | DOJ email | | 0.1 | 305 |
| 6.27.18 | email DOJ | | 0.1 | 305 |
| 6.28.18 | DOJ email | | 0.1 | 305 |
| 7.05.18 | DOJ email | | 0.1 | 305 |
| 7.20.16 | review order; notice of appeal; IPA motion | | 3.6 | 305 |
| 7.21.16 | confer with client | | 0.2 | 305 |
| 7.21.16 | review ECF filings | | 0.1 | 305 |

(90 of 94)

Case: 16-35589, 09/21/2018, ID: 11020718, DktEntry: 101-8, Page 12 of 16
Case 9:15-cv-00054-DLC  Document 92  Filed 09/26/18  Page 90 of 94

| 8.01.16 | DOJ emails | 0.1 | 305 | |
| 8.01.16 | review ECF filings | 0.1 | 305 | |
| 8.10.16 | review ECF filing | 0.1 | 305 | |
| 8.20.16 | IPA reply | 2.8 | 305 | |
| 8.22.16 | IPA reply | 0.8 | 305 | |
| 8.23.16 | DOJ email | 0.1 | 305 | |
| 8.24.16 | review ECF filings | 0.3 | 305 | |
| 8.31.16 | review order | 0.2 | 305 | |
| 8.31.16 | confer co-counsel | 0.1 | 305 | |
| 9.13.16 | review ECF filing | 0.1 | 305 | |
| | **2016 TOTAL DISTRICT COURT HOURS** | **37.2** | **11346** | |
| | | | | |
| | | | | |
| **Appellate Court Attorney Hours - Rebecca K Smith** | | | | |
| | | | | |
| 7.21.16 | review ECF filing | 0.3 | 405 | |
| 7.21.16 | mediation questionnaire | 0.4 | 405 | |
| 7.26.16 | review ECF filing | 0.1 | 405 | |
| 7.28.16 | correspondence to mediator | 0.1 | 405 | |
| 8.08.16 | 27-3 motion | 5.3 | 405 | |
| 8.09.16 | 27-3 motion | 2.7 | 405 | |
| 8.10.16 | 27-3 motion | 1.4 | 405 | |
| 8.11.16 | review ECF filings | 0.1 | 405 | |
| 8.19.16 | review ECF filing | 0.3 | 405 | |
| 8.21.16 | 27-3 reply | 5.3 | 405 | |
| 8.22.16 | 27-3 reply | 0.9 | 405 | |
| 8.23.16 | review ECF filing | 0.1 | 405 | |
| 8.23.16 | confer with client | 0.1 | 405 | |
| 8.31.16 | renew 27-3 motion | 0.5 | 405 | |
| 9.09.16 | review ECF filing | 0.3 | 405 | |
| 9.13.16 | review order | 0.1 | 405 | |
| 9.13.16 | confer with client | 0.1 | 405 | |
| 10.13.16 | opening brief | 2.2 | 405 | |
| 10.14.16 | opening brief | 3.9 | 405 | |
| 10.17.16 | opening brief | 6.2 | 405 | |
| 10.19.16 | opening brief | 1.3 | 405 | |
| 10.20.16 | opening brief | 4.4 | 405 | |
| 10.21.16 | opening brief | 5.5 | 405 | |
| 10.24.16 | opening brief | 1.9 | 405 | |
| 10.25.16 | DOJ emails | 0.2 | 405 | |
| 10.25.16 | review ECF filing | 0.2 | 405 | |
| 10.25.16 | confer with client | 0.3 | 405 | |
| 10.26.16 | motion to modify injunction response | 2.5 | 405 | |
| 10.28.16 | opening brief | 3.7 | 405 | |
| 11.02.16 | review ECF filing | 0.2 | 405 | |
| 11.03.16 | confer with client | 0.2 | 405 | |
| 11.14.16 | review ECF filing | 0.1 | 405 | |
| 11.15.16 | review ECF filing | 0.1 | 405 | |
| 11.18.16 | DOJ emails | 0.1 | 405 | |
| 11.18.16 | review ECF filing | 0.1 | 405 | |
| 11.21.16 | review ECF filing | 0.1 | 405 | |
| 11.28.16 | review ECF filing | 0.4 | 405 | |
| 11.29.16 | file ack of hearing notice | 0.2 | 405 | |
| 12.19.16 | reply brief | 3.4 | 405 | |

| 12.08.16 | review DOJ ECF filings | 0.5 | 405 | |
|---|---|---|---|---|
| 12.09.16 | review ECF filing | 0.1 | 405 | |
| 12.12.16 | review ECF filing | 0.1 | 405 | |
| 12.14.16 | review ECF filings | 0.3 | 405 | |
| 12.15.16 | review ECF filing | 0.1 | 405 | |
| 12.15.16 | confer with client | 0.5 | 405 | |
| 12.20.16 | reply brief | 5.3 | 405 | |
| 12.21.16 | reply brief | 7.3 | 405 | |
| 12.22.16 | reply brief/judicial notice motion | 4.2 | 405 | |
| 12.27.16 | confer with client | 0.1 | 405 | |
| 12.28.16 | review ECF filing | 0.1 | 405 | |
| 12.30.16 | review ECF filing | 0.1 | 405 | |
| | **2016 TOTAL APPELLATE HOURS** | **74** | **29970** | |
| | | | | |
| 1.20.17 | review ECF filings from 6/19; confer counsel | 2 | 430 | |
| 1.23.17 | judicial notice reply; strike response | 6.1 | 430 | |
| 1.24.17 | strike response | 1.2 | 430 | |
| 1.31.17 | prepare oral argument | 3.9 | 430 | |
| 2.01.17 | prepare oral argument | 2.6 | 430 | |
| 2.02.17 | prepare oral argument | 1.4 | 430 | |
| 2.03.17 | prepare oral argument | 3 | 430 | |
| 2.06.17 | prepare oral argument | 7.2 | 430 | |
| 2.07.17 | prepare oral argument | 4.9 | 430 | |
| 2.08.17 | prepare oral argument | 2.3 | 430 | |
| 2.08.17 | travel to oral argument | 5.3 | 430 | |
| 2.09.17 | prepare oral argument | 1.5 | 430 | |
| 2.09.17 | oral argument | 2.3 | 430 | |
| 2.10.17 | travel from oral argument | 5.5 | 430 | |
| 2.23.17 | review ECF order | 0.1 | 430 | |
| 3.06.17 | supplemental brief | 2.1 | 430 | |
| 3.07.17 | supplemental brief | 3.1 | 430 | |
| 3.08.17 | supplemental brief | 3.6 | 430 | |
| 3.09.17 | supplemental brief | 1.4 | 430 | |
| 3.10.17 | review ECF filings | 0.3 | 430 | |
| 3.16.17 | review ECF filing | 0.1 | 430 | |
| 3.17.17 | review ECF filings | 0.1 | 430 | |
| 3.20.17 | review ECF filing | 0.1 | 430 | |
| 3.22.17 | review ECF filings | 0.1 | 430 | |
| 5.26.17 | review ECF filing | 0.2 | 430 | |
| 5.30.17 | 28j response & 28J | 2.5 | 430 | |
| 6.09.17 | review ECF filing | 0.1 | 430 | |
| 12.21.17 | DOJ email | 0.1 | 430 | |
| 12.22.17 | DOJ email | 0.1 | 430 | |
| 12.22.17 | review ECF filing | 0.2 | 430 | |
| 12.25.17 | response to motion to dismiss | 4.7 | 430 | |
| | **2017 TOTAL APPELLATE HOURS** | **68.1** | **29283** | |
| | | | | |
| 1.08.18 | DOJ emails | 0.1 | 455 | |
| 1.10.18 | review ECF filing | 0.1 | 455 | |
| 1.26.18 | review ECF filing | 0.2 | 455 | |
| 4.17.18 | review ECF filing | 0.1 | 455 | |
| 4.18.18 | 28j response | 1.2 | 455 | |
| 7.26.18 | review order; confer client | 1 | 455 | |
| | **2018 TOTAL APPELLATE HOURS** | **2.7** | **1228.5** | |

| Fee Petition - Attorney Hours | | | | |
|---|---|---|---|---|
| | | | | |
| 9.03.18 | fee petition | 4.1 | 200.78 | |
| 9.04.18 | fee petition | 5.3 | 200.78 | |
| 9.05.18 | respond to fee expert | 0.1 | 200.78 | |
| 9.10.18 | respond to fee expert | 0.1 | 200.78 | |
| 9.12.18 | fee petition | 0.2 | 200.78 | |
| 9.13.18 | respond to fee expert | 0.1 | 200.78 | |
| 9.14.18 | respond to fee expert | 0.1 | 200.78 | |
| 9.17.18 | respond to fee expert | 0.1 | 200.78 | |
| 9.20.18 | fee petition | 5.6 | 200.78 | |
| | **RUNNING TOTAL - FEE PETITION** | **15.7** | **3152.24** | |
| | | | | |
| | | | | |

ATTACHMENT B

| Alliance for the Wild Rockies v. Savage | | |
|---|---|---|
| East Reservoir Project | | |
| District Court No. CV-15-54-DLC | | |
| 9th Cir. No. 16-35589 | | |
| | | |
| Costs | | |
| | | |
| Complaint Filing Fee | 400 | |
| Complaint Postage/Service | 29.46 | |
| Complaint Photocopies | 18.6 | |
| Appeal Filing Fee | 505 | |
| Oral Argument Airfare | 176.2 | |
| Oral Argument Hotel | 607.27 | |
| Oral Argument Airport Parking | 24 | |
| Oral Argument Lightrail | 6 | |
| Meal 2/08/17 | 42.1 | |
| Meal 2/09/17 | 33.39 | |
| **TOTAL NON-TAXABLE COSTS** | **1842.02** | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

# ATTACHMENT C

| | | | |
|---|---|---|---|
| Alliance for the Wild Rockies v Savage | | | |
| District Court No. CV-15-54-M-DLC | | | |
| 9th Cir. No. 16-35589 | | | |
| East Reservoir Project - Kootenai National Forest | | | |
| | | | |
| **District Court Attorney Hours - Talasi Brooks** | | | |
| | | | |
| | | | |
| DATE | TASK | HOURS | RATE |
| 9.01.14 | review project file/administrative record | 2.1 | 190.06 |
| 9.02.14 | review project file/administrative record | 4.5 | 190.06 |
| 9.03.14 | review project file/administrative record | 1.3 | 190.06 |
| 9.04.14 | review project file/administrative record | 1.8 | 190.06 |
| 9.05.14 | review project file/administrative record | 2.2 | 190.06 |
| 9.06.14 | review project file/administrative record | 3.5 | 190.06 |
| 9.08.14 | review project file/administrative record | 4.2 | 190.06 |
| 9.09.14 | review project file/administrative record | 0.8 | 190.06 |
| 9.10.14 | review project file/administrative record | 0.6 | 190.06 |
| 9.11.14 | review project file/administrative record | 1.3 | 190.06 |
| 9.12.14 | review project file/administrative record | 3.6 | 190.06 |
| 9.15.14 | review project file/administrative record | 2.8 | 190.06 |
| 9.16.14 | review project file/administrative record | 2.2 | 190.06 |
| 9.17.14 | review project file/administrative record | 0.5 | 190.06 |
| 9.18.14 | review project file/administrative record | 2.6 | 190.06 |
| 9.19.14 | review project file/administrative record | 2.8 | 190.06 |
| 9.20.14 | review project file/administrative record | 2.9 | 190.06 |
| 9.23.14 | review project file/administrative record | 1.9 | 190.06 |
| | **TOTAL** | **41.6** | **7906.49** |
| | | | |
| | | | |
| | | | |