Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, P.C.
P.O. Box 7584
Missoula, MT 59807
(406) 531-8133
publicdefense@gmail.com

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC
P.O. Box 7051
Missoula, MT 59807
(406) 721-1435
tim@bechtoldlaw.net

Attorneys for Plaintiffs

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CHRISTOPHER SAVAGE, Kootenai National Forest Supervisor, FAYE KRUEGER, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and UNITED STATE FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>　　　　　Defendants. | CV- 15-54-M-DLC<br><br>REPLY IN SUPPORT OF PLAINTIFF'S CONSOLIDATED MOTIONS FOR ATTORNEY FEES |

TABLE OF CONTENTS

TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

INDEX OF EXHIBITS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iv

I. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II. REPLY . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

    A.  A full fee award is "appropriate" in this case under the ESA fee-shifting provision. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

        1.  Plaintiff is the prevailing party regarding its lynx ESA claim. . . . . . 1

        2.  The Ninth Circuit's Opinion found the ESA consultation conclusion for grizzly bears to be arbitrary and capricious; thus, Plaintiff prevailed on that claim as well. . . . . . . . . . . . . . . . . . . . . . . . . 5

    B.  No EAJA analysis is necessary. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

    C.  If the Court does conduct an EAJA analysis, Plaintiff is entitled to fees under EAJA.. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

        1.  Defendants do not dispute that Plaintiff is a prevailing party. . . . . . 6

        2.  A finding of "substantial justification" would be an abuse of discretion because the Project violated NFMA. . . . . . . . . . . . 7

    D.  Defendants ignore the Ninth Circuit's *en banc* Opinion in *Ibrahim*; fee decisions must apply the "common course of conduct" test. . . . . . . . . 8

    E.  The requested hours are reasonable; Plaintiff agrees to deduct 4.6 hours expended responding to intervenors and amici. . . . . . . . . . . . . . . . . 11

F. The requested rates are reasonable. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

G.  Ninth Circuit "costs on appeal" means taxable costs; non-taxable costs
     may still be awarded. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

III.  CONCLUSION. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

TABLE OF AUTHORITIES

CASES

*All. for the Wild Rockies v. Savage,* 897 F.3d 1025 (9th Cir. 2018) . . . . . . . passim

*Cottonwood Envtl. Law Ctr. v. USFS,* 789 F.3d 1075 (9th Cir. 2015). . . . . . . . . . 11

*Draper v. Rosario,* 836 F.3d 1072 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . 14

*Grove v. Wells Fargo Fin. Cal., Inc.,* 606 F.3d 577 (9th Cir. 2010) . . . . . . . . . . . 14

*Higher Taste, Inc. v. City of Tacoma,* 717 F.3d 712 (9th Cir. 2013). . . . . . . . . . 2, 4

*Ibrahim v. U.S. Dep't of Homeland Sec.,* 912 F.3d 1147 (9th Cir. 2019) . . . . . . 8, 9

*Inst. for Wildlife Prot. v. USFWS,* 2008 WL 4866063 (D. Or. 2008) . . . . . . . . . . 12

*Meinhold v. U.S. Dep't of Defense,* 123 F.3d 1275 (9th Cir. 1997) . . . . . . . . . . 7, 8

*Mohamed v. Uber Techs., Inc.,* 848 F.3d 1201 (9th Cir. 2016). . . . . . . . . . . . . . . . 9

*Native Ecosystems Council v. Krueger,*

   2019 WL 1489839 (D. Mont. 2019). . . . . . . . . . . . . . . . . . . . . . . . . 9, 10, 12, 13

*Oregon Nat. Desert Ass'n v. Vilsack,* 2013 WL 3348428 (D. Or. 2013). . . . . . . . . 6

*Ruckelshaus v. Sierra Club,* 463 U.S. 680 (1983) . . . . . . . . . . . . . . . . . . . . . . . 1, 6

*Vogel v. Harbor Plaza Ctr., LLC,* 893 F.3d 1152 (9th Cir. 2018). . . . . . . . . . . . . . 5

*Watson v. Riverside*, 300 F.3d 1092 (9th Cir. 2002). . . . . . . . . . . . . . . . . . . . . 2, 10

*Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7 (2008). . . . . . . . . . . . . . . . . 3

*Wood v. Burwell,* 837 F.3d 969 (9th Cir. 2016) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

STATUTES

16 U.S.C. § 1540(g)(4). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

INDEX OF EXHIBITS

EXHIBIT 1        Ninth Circuit Motion for Injunction Pending Appeal, 9th Cir.
                 No. 16-35589, Docket Entry 4-1.

EXHIBIT 2        Agencies' Opposition to Ninth Circuit Motion for Injunction
                 Pending Appeal, 9th Cir. No. 16-35589, Docket Entry 10.

# I.  INTRODUCTION

In its response to Plaintiff's fee request, Defendants suggest that the Court should award at most only 14% of actual fees and costs.  Doc 118 at 28.  As set forth below in more detail, this suggestion is unreasonable and ignores binding Ninth Circuit precedent and therefore must be rejected.

# II. REPLY

## A.  A full fee award is "appropriate" in this case under the ESA fee-shifting provision.

The ESA authorizes the "award [of] costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. §1540(g)(4).  The term "whenever . . . appropriate" is a lesser standard than "prevailing party."  *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 694 (1983).

### 1.  Plaintiff is the prevailing party regarding its lynx ESA claim.

In this case, Plaintiff received a preliminary injunction pending appeal for its lynx ESA claim, which lasted for almost two years until the required ESA consultation was complete and the claim was therefore deemed moot.  The Ninth Circuit held: "The motions panel enjoined the Project in its entirety. . . . Because the injunction was based on the lynx ESA §7 reconsultation claim, which as discussed below is moot, there is no continuing basis for the injunction."  *All. for the Wild*

1

*Rockies v. Savage*, 897 F.3d 1025, 1031 n.8 (9th Cir. 2018).

Under these circumstances, Plaintiff is the "prevailing party." The Ninth Circuit holds that "when a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment, either by the passage of time or other circumstances beyond the parties' control, the plaintiff is a prevailing party eligible for a fee award. . . ." *Higher Taste, Inc. v. City of Tacoma*, 717 F.3d 712, 715–19 (9th Cir. 2013). Likewise, in *Watson v. Riverside*, the Ninth Circuit found:

> Nearly two years after the preliminary injunction issued, the district court granted summary judgment in favor of the defendants on all issues except one. It found a triable issue relating to Watson's claim for injunctive relief based on an alleged violation of due process. By that time, however, the administrative hearing had long since come and gone. The parties agreed that the claim for permanent injunctive relief had become moot.

300 F.3d 1092, 1094-96 (9th Cir. 2002).

Strikingly similar to *Watson*, here Plaintiff obtained a preliminary injunction that lasted almost two years until the claim on which the injunction was based was deemed moot. 897 F.3d at 1031 n.8. Thus, as in *Watson*, here Plaintiff received the precise relief requested until its claim became moot.

In response, Defendants argue that this Court should reject the Ninth Circuit's explicit statement that "the injunction was based on the lynx ESA §7 reconsultation claim" as "pure speculation." Doc. 118 at 4-5. However, Defendants fail to disclose to this Court the fact that the lynx claim was the *only* claim raised in

2

Plaintiff's motion for injunction pending appeal.  EXHIBIT 1 at iii-iv.  Moreover, the Forest Service itself expressly acknowledged in briefing on that injunction motion that "AWR's arguments are limited in scope, *arising under the ESA* and challenging the district court's summary judgment order *only as to the Canada lynx*."  EXHIBIT 2 at 8 (emphases added).  Thus, Defendants' argument is disingenuous.

Moreover, the injunction order cites *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) as the basis for the injunction.  *All. for Wild Rockies v. Savage*, 2016 WL 4800870, at *1 (9th Cir. 2016).  *Winter* requires: "A plaintiff seeking a preliminary injunction must establish that he is *likely to succeed on the merits . . . .*"  555 U.S. at 20 (emphases added).  Thus, in granting an injunction based on *Winter*, with only one merits claim raised  – the lynx ESA claim, it is clear that the injunction was based upon a likelihood of success on that claim.

Defendants argue that "Plaintiff asserts the Service would not have reconsulted on the Lynx Amendment 'but for this litigation.'"  Doc. 118 at 7.  This statement is false.  Plaintiff's actual brief states: "But for this litigation, the government would have illegally implemented a large logging project over thousands of acres in designated critical habitat for the threatened lynx *prior to* ESA consultation on the Lynx Amendment."  Doc. 113 at 10 (emphasis added).  Thus, the argument here is not that Plaintiff's challenge to this Project *caused*

reconsultation on the Lynx Amendment; the argument here is that absent Plaintiff's lawsuit, the East Reservoir Project area would have been logged *before* Lynx Amendment consultation was completed, which would have violated ESA Section 7(d).

Nonetheless, the government proceeds to argue that Plaintiff did not cause reconsultation on the Lynx Amendment and therefore Plaintiff gets no catalyst fees. Doc. 118 at 7. This line of argument is irrelevant; fees in this case are based upon the "prevailing party" theory, not the "catalyst" theory. A "prevailing party" does not need to be the cause or catalyst of mootness in order to warrant full fees. The Ninth Circuit's instruction in *Higher Taste* is explicit:

> We have previously held that when a plaintiff wins a preliminary injunction and the case is rendered moot before final judgment, *either by the passage of time or other circumstances beyond the parties control*, the plaintiff is a prevailing party eligible for a fee award. . . . Other circuits have applied the same reasoning when the plaintiff wins a preliminary injunction and the case is subsequently rendered moot *by the defendant's own actions*.

717 F.3d at 717 (emphases added).

As applied to this case, the agencies caused the claim to become moot by completing ESA consultation. Therefore the mootness was caused by the agency's own action and/or a circumstance beyond Plaintiff's control. *See id.* Therefore, Plaintiff is a prevailing party on its lynx ESA claim. *Higher* Taste, 717 F.3d at 717; *Watson*, 300 F.3d at 1096-1097.

**2.  The Ninth Circuit's Opinion found the ESA consultation conclusion for grizzly bears to be arbitrary and capricious; thus, Plaintiff prevailed on that claim as well.**

Defendants further argue: "No court has ordered ESA reconsultation, or provided any other relief under the ESA, for grizzly bears."  Doc. 118 at 8.  To the contrary, the Ninth Circuit held that Plaintiff was entitled to summary judgment on its claim challenging Defendants' "not likely to adversely affect" finding in the ESA consultation for grizzly bears for the Project:

> The Forest Service concluded that the Project "may affect, [but] is not likely to adversely affect" . . . Cabinet-Yaak grizzly bears . . . . The FWS agreed with the Biological Assessment's conclusion . . . .
> . . .
> the Forest Service's failure . . . does not satisfy the plain terms of the Access Amendments and was therefore arbitrary and capricious. . . . Likewise, the *FWS's concurrence in a proposed action that fails to satisfy the Access Amendments was arbitrary and capricious*.
> . . .
> We hold that Alliance was entitled to summary judgment on its *claims* that, in approving the East Reservoir Project, *the Forest Service and the FWS* acted arbitrarily and capriciously . . . .

*Savage*, 897 F.3d at 1030-1037 (emphases added).

Thus, the Ninth Circuit ordered entry of summary judgment in Plaintiff's favor on its "claims" plural, not just one NFMA grizzly bear claim.  *Savage*, 897 F.3d at 1037.  Entry of summary judgment on the grizzly bear ESA consultation claim confers "prevailing party" status to Plaintiff because Plaintiff "has secured an 'enforceable judgment[ ] on the merits.'" *See Vogel v. Harbor Plaza Ctr., LLC*, 893

F.3d 1152, 1158 (9th Cir. 2018)(citation omitted).

In conclusion, because the ESA's "whenever appropriate" standard is a *lesser* standard than the "prevailing party" standard – but Plaintiff nonetheless satisfies the "prevailing party" standard for all ESA claims litigated on appeal – attorney fees are appropriate in this case under the ESA fee-shifting provision. *See Ruckelshaus,* 463 U.S. at 688.

## B.  No EAJA analysis is necessary.

In this case, it is unnecessary to conduct an analysis of fee entitlement under EAJA:  "EAJA's fee provisions are subordinated to those of the ESA and *only if a fee is not authorized under the ESA does the court determine whether the fee would be authorized pursuant to EAJA*."  *Oregon Nat. Desert Ass'n v. Vilsack*, 2013 WL 3348428, at *2 (D. Or. 2013)(emphasis added).

## C.  If the Court does conduct an EAJA analysis, Plaintiff is entitled to fees under EAJA.

### 1.  Defendants do not dispute that Plaintiff is a prevailing party.

Defendants state: "Federal Defendants do not dispute that Plaintiff is a prevailing party under EAJA for the NFMA claim."  Doc. 118 at 9 n.4.   Thus, there is no dispute that the Court's decision to enter an injunction in lieu of vacatur does not strip Plaintiff of prevailing party status.  *See Wood v. Burwell*, 837 F.3d 969, 973-74 (9th Cir. 2016).

## 2.   A finding of "substantial justification" would be an abuse of discretion because the Project violated NFMA.

"If the government's position violates . . . a statute, or its own regulations, a finding that the government was substantially justified would be an abuse of discretion." *Meinhold v. U.S. Dep't of Defense*, 123 F.3d 1275, 1278 (9th Cir. 1997).  In this case, the Ninth Circuit found that the Forest Service violated an "unequivocal" Forest Plan provision.  *Savage*, 897 F.3d at 1035.  A violation of a forest plan provision is a violation of NFMA.  *Id.* at 1032.  Thus, Defendants' position in this case violated a statute – NFMA – and therefore a "finding that the government was substantially justified would be an abuse of discretion."  *Meinhold*, 123 F.3d at 1278.

Defendants argue that not "every"  violation is unreasonable, Doc. 118 at 11, but the case they cite clarifies: "The government may avoid EAJA fees if it can prove that the regulation it violated *was ambiguous, complex, or required exceptional analysis*."  *Meinhold*, 123 F.3d at 1278 (emphasis added).  As in *Meinhold*, here the government "does not contend that the regulation was so ambiguous or complex that it was justified in its mistaken interpretation."  *Id.*  To the contrary, in this case, the Ninth Circuit held that the Forest Plan provision that was violated was "unequivocal;" therefore, this exception to the general rule does not apply.

Due to their inability to show that the *Meinhold* exception applies, Defendants instead cite to this Court's orders to attempt to minimize the statutory violation here.  Doc. 118 at 11-12.  However, a reversed summary judgment order and a post-Opinion remedy order do not trump the binding factual and legal determinations found in the Ninth Circuit's Opinion, which finds an unequivocal violation of statute.

**D.  Defendants ignore the Ninth Circuit's *en banc* Opinion in *Ibrahim*; fee decisions must apply the "common course of conduct" test.**

The Ninth Circuit recently issued an *en banc* opinion to clarify the circumstances when attorneys may be compensated for "related" but "unsuccessful" claims: "We do not require commonality of *both* facts *and* law to conclude that claims are related. [] Rather 'the focus is to be on whether the unsuccessful and successful claims arose out of the same 'course of conduct.'" *Ibrahim v. U.S. Dep't of Homeland Sec.*, 912 F.3d 1147, 1174-77 (9th Cir. 2019)(en banc)(citations omitted).  The Ninth Circuit clarified this test in order to avoid "the possibility that some fraction (perhaps a substantial one) of these reasonably related, ethically compelled claims, which a lawyer must research and litigate, will be excluded from a fee award." *Id.*

Nonetheless, the government proposes that this Court take the precise act that the *en banc* Ninth Circuit ruled against, i.e. excluding a substantial fraction of

"reasonably related, ethically compelled claims, which a lawyer must research and litigate . . . from a fee award." *Id.* Although all claims in this case relate to the "common course of conduct" that is the East Reservoir Project, the Forest Service argues that the Court should only award 20% of the fees in this case because "it accounts for the one of the five claims" and/or accounts for the percentage of the square footage of the Project area affected by the grizzly bear injunction on remand. Doc. 118 at 16.

Under the *en banc* decision in *Ibrahim*, this suggestion for only 20% compensation must be rejected. Instead the "common course of conduct" test must be applied. *Ibrahim*, 912 F.3d at 1174-77. Defendants do not dispute that the East Reservoir Project is the "common course of conduct"; instead, they simply ignore the test and state only that "[t]he United States has petitioned for a writ of certiorari in *Ibrahim*." Doc. 118 at 15 n.6. "The district court does not have the authority to ignore circuit court precedent . . . . Binding authority must be followed unless and until overruled by a body competent to do so." *Mohamed v. Uber Techs., Inc.*, 848 F.3d 1201, 1211 (9th Cir. 2016).

Even prior to *Ibrahim*, this Court held: "simply because a plaintiff raises alternate theories—and does not prevail on each and every one—does not mean that a plaintiff cannot recover legal fees in relation to the time it spent developing and briefing those alternate theories." *Native Ecosystems Council v. Krueger*, 2019 WL

1489839, at *3 (D. Mont. 2019).  Moreover, it is false for Defendants to persistently argue that Plaintiff only prevailed and received relief for one claim.  *See, e.g.,* Doc. 118 at 16.  As discussed above, Plaintiff is the "prevailing party" on its lynx ESA claim, which enjoined the entire Project for almost two years until the necessary consultation was complete and the claim was therefore rendered moot.  Defendants imply that Plaintiff is entitled no compensation for the work required for this excellent result.  However, this is the same type and duration of relief that would have been awarded if this Court has granted summary judgment in the district court; therefore the preliminary injunction ended up providing complete relief for this claim.  Under similar circumstances in *Watson*, the Ninth Circuit found that the "claims all involved the same conduct and were sufficiently related to one another to entitle him to fees for all the work performed."  300 F.3d at 1096-97.  Consistently, this Court has twice found that Plaintiff is entitled to all fees when it prevails on a single lynx ESA claim.  *Krueger*, 2014 WL 46498 *5;  *Krueger*, 2019 WL 1489839, at *3.

Additionally, as discussed above, Plaintiff is the prevailing party on all grizzly bear claims on appeal because summary judgment was entered in Plaintiff's favor. Defendants will need to conduct a new analysis on NFMA and ESA compliance on remand.  This is an excellent result that forces the agencies to comply with the Access Amendment, NFMA, the ESA, and the APA.  Plaintiff is not aware of any

cases in which summary judgment is entered in favor of a plaintiff but the court reduces the fee award based upon the square footage of the injunction on remand.

Indeed, full fees have been awarded in cases in which Defendants were only required to complete new analysis on remand, and no injunctive relief was ordered. For example, in *Cottonwood*, the plaintiff requested reconsultation and injunctions against multiple logging projects, but it received no logging injunctions at all: "We also affirm the district court's denial of injunctive relief to Cottonwood." *Cottonwood Envtl. Law Ctr. v. USFS*, 789 F.3d 1075, 1092 (9th Cir. 2015). Even without any injunctive relief, the government still agreed to pay the plaintiff's attorneys $300,000.00 for fees and costs, as Defendants disclose in their brief. Doc. 118 at 7 n.3.

In contrast, in this case, Plaintiff won a two-year long preliminary injunction, followed by summary judgment on non-moot claims and tailored injunctive relief for those non-moot claims. All of the work performed in this case was necessary to achieve those results and Plaintiff would not have achieved those results with only 20% of the work.

**E.  The requested hours are reasonable; Plaintiff agrees to deduct 4.6 hours expended responding to intervenors and amici.**

Defendants first complain that Plaintiff's counsel spent 168.7 hours reviewing the project record and researching and drafting the complaint. Doc. 118

at 18.  However, "[r]eviewing the administrative record, researching the applicable law, identifying which claims were appropriate to assert, and drafting the Complaint ... rank among the most important tasks an attorney performs in any litigation." *League of Wilderness Defs. v. Turner*, 305 F.Supp.3d 1156, 1172 (D. Or. 2018)(quotation and brackets omitted).   The case that Defendants cite is inapposite because in that case "no analysis of the administrative record was required . . . ." *Inst. for Wildlife Prot. v. USFWS*, 2008 WL 4866063, at *17 (D. Or. 2008).

In *Turner*, which was a similar challenge to a Forest Service logging project, the plaintiffs' counsel expended 153.6 hours researching and preparing a complaint, and the District of Oregon found that "the pre-Complaint hours were not excessive." 305 F.Supp.3d at 1174.  The same rationale applies here.

Defendants next complain about Plaintiff's time sheet entries because Defendants cannot separate out individual claims.  Doc. 118 at 19.  However, "[a]ttorneys are not required to bill on a claim by claim basis, nor is the Court required to parse through Plaintiffs' billing statements in an effort to determine how much time was spent on each claim."  *Krueger*, 2014 WL 46498 *5.  This Court has expressly found that  "Plaintiffs' records are thorough, accurate, and reflect a careful level of detail."  *Krueger*, 2019 WL 1489839, at *6.

Defendants next object to 4.6 hours spent responding to amici and intervenors.  Doc. 118 at 19.  Plaintiff agrees to deduct those hours; thus the total

request on the merits is for <u>606.2 hours</u> (610.8 minus 4.6).

Finally, Plaintiff notes that in *Turner*, the District of Oregon found it reasonable for the plaintiffs to expend <u>563.1 hours</u> on the merits even though the plaintiff in that case only litigated a district court preliminary injunction, and then negotiated dismissal of the case.  305 F.Supp.3d at 1171, 1174 (573.9 hours minus 10.8 hours).  In contrast, here Plaintiff also litigated and won an appeal on the merits, though Plaintiff only requests compensation for 606.2 hours on the merits.

**F. The requested rates are reasonable.**

As a preliminary matter, Defendants state: "Federal Defendants do not dispute Ms. Smith's claimed hourly rates of $375 to $425 for appellate work between 2016 and 2018 are reasonable for this litigation."  Doc. 118 at 23 n. 7. However, Defendants dispute Mr. Bechtold's rates and argue that he should receive an annual increase of only $10/year.  Doc. 118 at 21-24.  As explained more fully in Mr. Bechtold's declaration, "[s]imply increasing the fee by $10 each year with no other adjustments or increases will not keep pace with cost of living adjustments." Second Supp. Bechtold Declaration ¶4.  Thus, "[t]he $25 per year increase . . . is a flat annual increase that takes into account an increase not only for a cost of living adjustment, but also an increase due to enhanced experience and expertise."  *Id.* ¶5.

**G.  Ninth Circuit "costs on appeal" means taxable costs; non-taxable costs may still be awarded.**

Finally, when the Ninth Circuit makes a statement regarding "costs on appeal," it is referring only to taxable costs that would be submitted in a Ninth Circuit bill of costs; it is not addressing nor precluding the award of non-taxable costs.  *See* Doc. 118 at 27; *Grove v. Wells Fargo Fin. Cal., Inc.*, 606 F.3d 577, 579-82 (9th Cir. 2010); Fed.R.App.P. 39(a); *Draper v. Rosario*, 836 F.3d 1072, 1086 (9th Cir. 2016).

### III.  CONCLUSION

For all of the reasons set forth, Plaintiff requests $130,906.62 in attorney fees for Rebecca Smith, $71,197.60 in attorney fees for Tim Bechtold, $7,906.49 in attorney fees for Talasi Brooks, $1,982.69 in non-taxable costs/expenses, and $3,092.50 in expert witness fees, for a grand total of $215,085.90.

Respectfully submitted this 20th Day of June 2019.

> */s/ Rebecca K. Smith*
> REBECCA K. SMITH
> Public Interest Defense Center, P.C.
>
> TIMOTHY BECHTOLD
> Bechtold Law Firm, PLLC
>
> Attorneys for Plaintiff

CERTIFICATE OF COMPLIANCE

The undersigned certifies that the foregoing is 3,248 words, excluding the caption,

table of contents, table of authorities, index of exhibits, signature blocks, and

certificate of compliance.

/s/ Rebecca K. Smith
Rebecca K. Smith
PUBLIC INTEREST DEFENSE CENTER, P.C.

Timothy M. Bechtold
BECHTOLD LAW FIRM, PLLC

Attorneys for Plaintiff

15