VIN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| ALLIANCE FOR THE WILD ROCKIES,<br><br>               Plaintiff,<br><br>  vs.<br><br>CHRISTOPHER SAVAGE, Kootenai National Forest Supervisor, FAYE KRUEGER, Regional Forester of Region One of the U.S. Forest Service, UNITED STATES FOREST SERVICE, an agency of the U.S. Department of Agriculture, and UNITED STATES FISH & WILDLIFE SERVICE, an agency of the U.S. Department of the Interior,<br><br>               Defendants,<br>  and<br><br>KOOTENAI FOREST STAKEHOLDER COALITION, a Montana Corporation, and LINCOLN COUNTY, a political subdivision of the State of Montana,<br><br>               Defendant-Intervenors. | CV 15–54–M–DLC<br><br>ORDER |

Before the Court is Federal Defendants' Motion to Dissolve Injunction.

(Doc. 149.) Federal Defendants seek to lift the Court's March 2019 injunction

-1-

(Doc. 111) on activities in the Tobacco Bears Outside Recovery Zone ("BORZ") authorized under the East Reservoir Project. (*Id.* at 2.) For the reasons herein, the Motion will be granted.

## BACKGROUND[1]

This case concerns the East Reservoir Restoration Project ("Project") in the Kootenai National Forest southeast of Libby, Montana. This Court issued its original Order (Doc. 67) in 2016, ruling in favor of the Federal Defendants on all issues. The Ninth Circuit reversed and remanded relative to the construction and reclassification of roads within the Tobacco BORZ polygon associated with the Project. (Doc. 86.) In March 2019, after remand from the Ninth Circuit, the undersigned denied Plaintiffs' motion to vacate the Project but enjoined authorized activities within the BORZ. *See All. for the Wild Rockies v. Savage*, 375 F. Supp. 3d 1152, 1158 (D. Mont. 2019). The Court remanded the Record of Decision ("ROD") authorizing the Project as it relates to the construction and reclassification of roads within the Tobacco BORZ polygon. *Id.* at 1159. Specifically, the Court ordered the Forest Service to

> appropriately analyze the effect of anticipated road-related activities pursuant to the standards set forth in the Forest Plan, including the Access Amendments. Unless and until the NFMA [National Forest Management Act] violation identified by the Ninth Circuit Court of Appeals is corrected, no roads

---

[1] A more detailed background can be found in the Court's March 25, 2019, Order (Doc. 111).

shall be built within the Tobacco BORZ, and no undetermined roads shall be reclassified.

*Id.* at 1159.

Now, over six years later, the Forest Service has failed to conduct any additional analysis on road-related activities within the Tobacco BORZ due to competing priorities in the forest. (Doc. 150-1 at 2.) However, on April 21, 2025, the Forest Service issued a letter notifying the Court that it no longer intends to implement the enjoined portion of the Project, has withdrawn those portions of the Project, and the related stewardship contract within the Tobacco BORZ will be terminated. (*Id.*) As a result, the Forest Service now seeks to dissolve the injunction and relieve its agency of the obligation to complete the required analysis. (Doc. 149.)

## LEGAL STANDARD

Relief from a final judgment is appropriate where "the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable," or for "any other reason that justifies relief." Fed. R. Civ. P. 65(b)(5), (6). This "Rule codifies the courts' traditional authority, inherent in the jurisdiction of the chancery, to modify or vacate the prospective effect of their decrees." *Bellevue Manor Assocs. v. United States*, 165 F.3d 1249, 1252 (9th Cir. 1999) (quotation marks and citations omitted).

A party seeking relief under Rule 60(b)(5) "must establish that a significant change in facts or law warrants revision of the decree and that the proposed modification is suitably tailored to the changed circumstance." *Rufo v. Inmates of Suffolk Cnty. Jail*, 502 U.S. 367, 393 (1992); *All for the Wild Rockies v. Savage*, 354 F. Supp. 3d 1185, 1187 (D. Mont. 2018). "[O]nce a party carries this burden, a court abuses its discretion when it refuses to modify an injunction or consent decree in light of such changes." *Horne v. Flores*, 557 U.S. 433, 447 (2009) (quotation marks and citations omitted).

## DISCUSSION

This Court's jurisdiction post-remand is limited to whether the Federal Defendants fully complied with its remand Order. *See Native Ecosystems Council v. Kruger*, 348 F. Supp. 3d 1065, 1074 (D. Mont. 2018). Federal Defendants argue that the Forest Supervisor's decision to withdraw the portion of the ROD authorizing activities within the Tobacco BORZ and to terminate the related contract constitute significant changes in fact. (Doc. 150 at 4 (citing *Rufo*, 502 U.S. at 393).) The Court agrees. Because the Forest Supervisor revoked authorization of the enjoined activities in the Tobacco BORZ (Doc. 150-1), none of the challenged activities may proceed under the East Reservoir ROD. Therefore, because there is simply nothing further for the Forest Service to analyze, full compliance with the

remand Order is no longer possible. These facts constitute a change in circumstances such that relief under Rule 60(b)(5) is warranted and appropriate.

Plaintiffs do not oppose dissolution of the injunction provided the relevant portion of the ROD is also partially vacated. (Doc. 152.) It appears Plaintiffs fear the Forest Service will simply re-initiate activity within the Tobacco BORZ without first proceeding with the appropriate environmental analysis. In response, the Forest Service states that it "has already withdrawn—in a formal letter and through public notice—the portion of the ROD that previously authorized activities subject to the injunction." (Doc. 153 at 3.) And, in compliance with their duties under the National Environmental Policy Act ("NEPA"), the Forest Service recognizes that "any new activities in the Tobacco BORZ would require a new NEPA process and new decision document." (*Id.*) The Court finds these representations sufficient to address Plaintiffs' concerns with respect to the portion of the ROD authorizing the enjoined activities. (*See* Doc. 153 at 3 ("Absent a new decision, the Forest Service cannot authorize activities in the Tobacco BORZ.").)

Plaintiffs further argue that Federal Defendants are lodging a "*de facto* mootness argument that the injunction is moot and should therefore be dissolved." (Doc. 152 at 4.) However, Federal Defendants seek to lift the injunction under Rule 60(b)(5), not for lack of jurisdiction due to mootness.

-5-

## CONCLUSION

Therefore, because Federal Defendants have demonstrated a significant change in facts relative to the challenged activities, the Court finds it appropriate to lift its previously imposed injunction. Accordingly, for the reasons stated above,

IT IS ORDERED that the Motion to Dissolve Injunction (Doc. 149) is GRANTED. The Court's March 2019 injunction (Doc. 111) on activities in the Tobacco BORZ authorized under the East Reservoir Project Record of Decision is hereby LIFTED.

DATED this 5th day of November, 2025.

_____
Dana L. Christensen, District Judge
United States District Court